# HANDLEY v. STUTZ.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF TENNESSEE.

No. 1516. Submitted November 10, 1890.—Decided December 8, 1890.

Upon a bill in equity by creditors of an insolvent corporation, whose claims amounted to more than $2000, against the corporation and stockholders therein, to compel sums, due from them to the corporation for unpaid subscriptions to stock, to be paid in, and administered as a trust fund and distributed among all creditors of the corporation who should come in and contribute to the expense of the suit, the Circuit Court referred the case to a master to receive proofs of claims, and, upon the return of his report, adjudged that claims severally less than $5000, but together exceeding that sum, were just debts of the corporation, and that, in order to pay them, the stockholders should pay the amount of their subscriptions to a receiver. Stockholders so charged with more than $5000 each appealed to this court. *Held*, that the sums in dispute were sufficient to give the Circuit Court jurisdiction of the case, and this court jurisdiction of the appeal.

THIS was a bill in equity, filed February 8, 1889, in the Circuit Court of the United States for the Middle District of Tennessee, by citizens of Pennsylvania, of Indiana and of Ohio, judgment creditors of the Clifton Coal Company, in behalf of themselves and all other creditors who should come in and contribute to the expenses of the suit, against that corporation, which was a Kentucky corporation, whose chief officers resided in Tennessee, and against sixteen individuals, alleging that they were stockholders in the corporation and citizens of Tennessee, and had paid nothing for their stock and were liable to the corporation for the amounts thereof, and their liabilities were assets of the corporation and a trust fund for the payment of all its debts; that the corporation was insolvent, and had no other assets that the plaintiffs could reach; and that its officers had declined to collect or to attempt to collect any of the amounts so due to it, and had neglected to administer the trust fund.

The bill prayed that the defendant stockholders might be

decreed to pay to the plaintiffs, and to such other creditors as might become parties, such sums as might be found due them; that such sums might be assessed upon the stockholders as law and equity require; and that the moneys due from the stock-holders to the corporation might be decreed to be held in trust by them, and to be a trust fund for its creditors, and be administered by the court as a trust fund pledged for the payment of the debts of the corporation; and for general relief.

. The corporation, though served with process, did not appear, and no further proceedings were taken against it. The plaintiffs dismissed their bill against three of the individual defendants, because, as recited in the order of dismissal, they were not within the jurisdiction of the court, being citizens of other States than Tennessee. The other defendants appeared and answered; and upon a hearing it was adjudged that the amount of their stock had never been paid, and was still due from them to the corporation, and constituted a trust fund for the payment of the debts of the plaintiffs and of other creditors who might come in. A receiver was appointed, and the case referred to a master to receive proofs of claims. 41 Fed. Rep. 531. The master's report allowed sixty-three claims of different creditors, amounting in all to $22,888; those of the original plaintiffs for $4032, $3286 and $464, respectively; one other claim for $3527; and the rest varying from $1060 down to $3.25.

As to the claims for less than $2000 each, the defendants excepted to the master's report, and moved the Circuit Court to dismiss the bill for want of jurisdiction. On September 6, 1890, the court overruled the exception and motion, confirmed the master's report, and decreed that all the claims allowed by the master were just debts of the corporation and entitled to be paid out of the assets; and that, in order to pay the amount of these debts, the defendants should pay to the receiver, and he should be authorized to collect, their unpaid subscriptions to stock, amounting in all to $56,175, the sums so charged against five of the defendants being more than $5000 each, and against each of the other defendants less than $5000. The defendants so charged with more than $5000 appealed to this court.

The appellees now moved this court as follows:

" First. To advance this cause for hearing, and now to hear the same, so far as there may be appeals herein, under the provisions of the act of February 25, 1889, c. 236, questioning the jurisdiction of the Circuit Court to render certain parts of the relief granted by its judgment herein.

" Second. To dismiss all the other appeals herein, for the reason that this honorable court has not jurisdiction of the same."

By agreement of parties, and leave of court, the case was advanced for hearing as to the questions of the power of the Circuit Court to grant the relief decreed; and those questions, as well as the motion to dismiss, were submitted on printed briefs.

*Mr. Walter Evans* and *Mr. James R. McFarlane* for the motions.

*Mr. Edward H. East* and *Mr. James S. Pilcher* opposing.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

This is a bill in equity by some, in behalf of all, of the creditors of a corporation, against the corporation and holders of stock therein. The bill is not founded upon any direct liability of the stockholders to the plaintiffs; but upon the theory that, the corporation being insolvent and having no other assets, the sums due to it from the stockholders on their unpaid subscriptions to stock ought to be paid by them to the corporation as a trust fund to be distributed among the plaintiffs and all other creditors of the corporation, so far as required to satisfy their just claims, and that, the corporation having neglected to collect these sums or to administer the trust, and the plaintiffs and defendants being citizens of different States, the Circuit Court, sitting in equity, should compel those sums to be paid in by the stockholders, to be administered as a trust fund and to be distributed among all creditors who should

come in. Such a bill can only be maintained by one or more creditors in behalf of all, and not by any one creditor to secure payment of his own debt to the exclusion of others. *Sawyer* v. *Hoag*, 17 Wall. 610, 622; *Patterson* v. *Lynde*, 106 U. S. 519; *Johnson* v. *Waters*, 111 U. S. 640, 674. In *Hatch* v. *Dana*, 101 U. S. 205, the bill of a single creditor, which was sustained by the court, was brought in behalf of himself and all other creditors of the corporation who should come in and contribute to the expenses of the suit; no other creditors came in; and it did not appear that there were any others.

Each of the appellants has been charged by the decree below with a sum of more than $5000; and it is undisputed that each of them, if the others should prove insolvent, would be obliged to pay the whole sum charged against him, and that each, therefore, has more than $5000 at stake. The contest is upon the sufficiency in amount of the creditors' claims to support the jurisdiction of the Circuit Court in the first instance, and of this court on appeal, within the meaning of the statutes limiting the jurisdiction of each court to cases in which the sum in dispute exceeds $2000 and $5000 respectively. Acts of August 13, 1888, c. 866, § 1, 25 Stat. 434; February 16, 1875, c. 77, § 3, 18 Stat. 316.

The sums alleged to be due from the corporation to the original plaintiffs amounting to more than $2000, the Circuit Court had jurisdiction of the case, and authority to administer and distribute the amounts, due from the individual defendants to the corporation for unpaid subscriptions to stock, as a trust fund for the benefit of all the creditors of the corporation, and for that purpose to permit creditors, who had not originally joined in the bill, to come in and prove their claims before a master. *Johnson* v. *Waters*, above cited.

The trust fund so administered and ordered to be distributed by the Circuit Court amounting to much more than $5000, the appellate jurisdiction of this court is not affected by the fact that the amounts decreed to some of the creditors are less than that sum. It was immaterial to the appellants how the sums decreed to be paid by them should be distributed, and (which is more decisive) such a bill as this could not have

been filed by one creditor in his own behalf only, and the case does not fall under that class in which creditors, who might have sued severally, join in one bill for convenience and to save expense. This court, therefore, has jurisdiction of the whole appeal, according to the rule affirmed in *Gibson* v. *Shufeldt*, 122 U. S. 27, and the cases there collected.

*Motion to dismiss appeal overruled, and jurisdiction of the Circuit Court sustained.*