(No. 23180.—▮▮▮▮▮▮)

KATHERINE B. COMSTOCK *et al.* Appellees, *vs.* THE MORGAN PARK TRUST· AND SAVINGS BANK *et al.* Appellants.

*Opinion filed April 17, 1936—Rehearing denied June 3, 1936.*

SHAW, J., dissenting.

ENOCH J. PRICE, and OWEN N. PRICE, for appellants.

FRIEDMAN, SCHIMBERG & ALSTER, and AARON SOBLE, (IRVING GOODMAN, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of Cook county entered a decree in a creditors' suit against a number of stockholders in the Morgan Park Trust and Savings Bank, an Illinois banking corporation. The suit was a representative proceeding in equity to enforce the stockholders' liability in favor of creditors of the defunct corporation. Appellants are a few of the stockholders against whom the decree was

entered. They have raised numerous questions. Among them are, that the suit was premature because no decree had been entered by any court declaring the corporation insolvent; that the suit was brought for mercenary and inequitable purposes; that the court erred in ruling on the admissibility of evidence and in overruling exceptions to the master's report; that the court allowed exorbitant and illegal fees, and that appellants' cross-bill was wrongfully dismissed for want of equity. These alleged errors involve questions which do not authorize a direct appeal to this court.

The seventh, ninth, thirteenth and fifteenth errors assigned relate to constitutional provisions. The seventh challenges the validity of the amendment of 1929 to section 11 of the general Banking act, which empowers the court to authorize the payment of complainants' solicitor's fees and other costs of litigation out of moneys collected from stockholders. Appellants are in no position to raise this question. The decree appealed from made no allowance of solicitor's fees. They were allowed in former orders to which no objections were made and from which no appeal was perfected. Even if there were grounds for resistance to the allowance of such fees, the creditors, and not the stockholders, are the only ones who could object, as the stockholders have no interest whatever in the distribution of the funds which they are compelled to pay. The stockholders are not concerned about how much or how little may be allowed as solicitor's fees or whether any are allowed at all. Their liability is neither increased nor diminished by such an allowance, if made.

The ninth and fifteenth errors assigned are, that the due process and contract clauses of the Federal and State constitutions are violated by section 11 of the general Banking act, which purports to authorize one creditor to represent all the creditors of the bank in enforcing the stockholders' liability. We have repeatedly held that the statute is not violative of those clauses of the constitutions.

*Golden* v. *Cervenka,* 278 Ill. 409; *Sanders* v. *Merchants State Bank,* 349 id. 547; *Leonard* v. *Bye,* 361 id. 185; *Heine* v. *Degen,* 362 id. 357.

The thirteenth error assigned is based on the claim that section 6 of article 11 of the State constitution places the stockholders' liability only upon those persons who were stockholders at the time the bank failed. This contention has likewise been adversely disposed of in *Golden* v. *Cervenka, supra, Sanders* v. *Merchants State Bank, supra,* and *Heine* v. *Degen, supra.*

Every contention made by appellants relative to constitutional provisions has been decided against them in a number of cases, and it is well settled that the mere assertion that a constitutional question is involved is not sufficient, but the question must exist and it must be fairly debatable before this court can take appellate jurisdiction on that ground. (*Wilson* v. *Prochnow,* 354 Ill. 98.) This rule cannot be abrogated by persistent and repeated declarations that a constitutional question is involved, for when a constitutional question has been previously decided by this court it will not ordinarily entertain an appeal for the purpose of again raising the same question. (*People* v. *Blenz,* 317 Ill. 639.) Nearly twenty years ago this court in unmistakable language in *Golden* v. *Cervenka, supra,* interpreted section 6 of article 11 of the State constitution, relating to stockholders' liability. In at least three later cases we have announced our adherence to the views expressed in *Golden* v. *Cervenka.* Hundreds of cases involving that liability have been before the circuit, superior and Appellate Courts of this State. Thousands of creditors and stockholders have accepted our interpretations. Millions of dollars have been paid on the strength of them, and it would be destructive of the stability of the decisions of this court to further permit reiterations of the claim that the meaning of section 6 of article 11 of the constitution is in doubt or is undetermined.

For the above reasons we hold that no constitutional question is presented by the record in this case, and the cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*

Mr. JUSTICE SHAW, dissenting.