## UNITED STATES et al. v. FREEMAN et al.
### No. 4077.

District Court, D. Massachusetts.
Nov. 30, 1937.

Francis J. W. Ford, U. S. Atty., and Harry Bergson, both of Boston, Mass., and Harold Rosenwald, of Washington, D. C., and Floyd M. Rett, of Chicago, Ill. (James B. Alley, of New York City, and Max O'Rell Truitt, of St. Louis, Mo., of counsel), for plaintiffs.

William J. Holbrook, of Boston, Mass., for defendant Emma Freeman.

Donald M. Hill and Donald M. Hill, Jr., both of Boston, Mass., for defendant Louis M. Johnson.

George L. Barnes, of Boston, Mass., for defendant Frederick K. Hill.

Warner, Stackpole & Bradlee and John G. Palfrey, all of Boston, Mass., for defendant Laura McG. Stackpole.

Lillian Cole Smith pro se and Eli Cole, of Bellevue, Iowa, for defendant Lillian Cole Smith.

Frederic Gilbert Bauer, of Boston, Mass., for defendant George Luberoff.

H. C. Dunbar, of Boston, Mass., for defendants Charles L. and Olive M. Jones.

Goulston & Storrs, and Arthur L. Sherin, all of Boston, Mass., for defendants James A. McLaughlin, Alice McKeown Moore, and Rockwell R. Stephens.

Warner, Stackpole & Bradlee, John G. Palfrey, and Charles F. Albert, all of Boston, Mass., for defendant Corinne C. Gray.

James A. Brickett and John K. Carter, both of Boston, Mass., for defendant Ellen M. Dodge.

Burnham, Bingham, Pillsbury, Dana & Gould, of Boston, Mass., for defendant First Boston Corporation.

Erastus H. Hewitt, of Boston, Mass., for defendant Elizabeth D. Pratt.

BREWSTER, District Judge.

This suit is brought by the United States and the Reconstruction Finance Corporation (hereinafter referred to as the "R. F. C."), as plaintiffs, against stockholders of the Central Republic Trust Company, a banking corporation organized under the laws of the state of Illinois (hereinafter called the "Trust Company"), as defendants. It is brought on behalf of plaintiffs and all other creditors of the Trust Company to enforce liability imposed by the Constitution and laws of Illinois on holders of stock in banking corporations.

It is alleged that the United States has a "real, direct, substantial and exclusive interest" in the suit, and this conclusion is fortified by allegations to the effect that R. F. C. was organized under an act of Congress (Act Jan. 22, 1932, 47 Stat. 5); that the United States owns all the capital stock in, and has guaranteed all the securities issued by, the corporation; that the corporation is an agency and instrumentality of the United States for carrying out purposes and objects of the United States as set forth in the act creating the corporation, as amended and supplemented (15 U.S.C.A. § 601 et seq.), and that upon liquidation the United States is entitled to receive proceeds after liabilities of the corporation have been satisfied.

It is further alleged that the Trust Company, on June 29, 1932 and on October 6, 1932, became indebted to R. F. C. upon notes given, for money loaned by that corporation to the Trust Company, upon which notes there is now due and owing, including accrued interest, sums in excess of $60,000,-000; that the Trust Company has an authorized capital stock of $14,000,000 divided into 140,000 shares of $100 each; and that the defendants named in the suit were holders of shares in the Trust Company when the above-mentioned liabilities were incurred. It appears from the bill that some of the defendants hold less than $3,000 par value of said shares.

It is also alleged that pursuant to and by virtue of the statutes of Illinois the state auditor of public accounts of the state of Illinois on November 21, 1934, took possession and control of the Trust Company and determined that it be liquidated through a receiver, who was duly appointed by the auditor on said date.

Finally, it is alleged that the plaintiffs and all other creditors of the Trust Company have a common interest in the subject matter of the suit.

It appears from the bill that there is now pending in the District Court for the Northern District of Illinois a suit by R. F. C. against all shareholders in the Trust Company. In this suit the court is asked to ascertain who are the creditors of the Trust Company, the amount of their claims, and who are the shareholders and the extent of their several holdings. An equitable distribution among the creditors of the Trust Company of the sums recovered is sought in these Illinois proceedings.

The defendants have moved to dismiss the bill on many grounds, some of which are essentially common to all the motions.

■ First. The most important, if not the controlling issue, raised by the motions is whether this court has jurisdiction over the subject matter of the suit, or, in other words, whether the allegations of the bill present a case cognizable in equity. The contentions of the defendants are (1) that plaintiffs have a plain, adequate, and complete remedy at law; (2) that convenience of avoiding a multiplicity of law actions alone does not justify a court of equity in taking jurisdiction; and (3) that, on the allegations, the bill cannot be maintained as a creditors' bill. The second and third contentions, in my opinion, must be regarded as sound. It is settled that general principles of equity do not always extend to suits brought solely for the purpose of avoiding numerous actions at law.

"The single fact that a multiplicity of suits may be prevented by this assumption of jurisdiction is not in all cases enough to sustain it." Hale v. Allinson, 188 U.S. 56, 77, 23 S.Ct. 244, 252, 47 L.Ed. 380. See, also, DiGiovanni v. Camden Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47.

■ It would seem to be clear that this is not a suit to marshal and distribute all the assets of the Trust Company among its creditors. Inasmuch as the Trust Company is not made a party to the suit, it could hardly be claimed that the proceeding partook of the nature of a creditors' bill.

Defendants' contention, however, that plaintiffs have a plain, adequate, and complete remedy at law cannot be so easily disposed of.

■ The Illinois Constitution (article 11, § 6) provides as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

The Illinois courts have defined the nature of the liability imposed upon stockholders in the banking institutions by these constitutional provisions. They are agreed in defining the liability as a contractual primary liability running directly and immediately to the creditors, each stockholder being severally and individually liable for every debt accruing while he held the stock, with a limitation of the liability to the amount of his stock. Babka Plastering Co. v. City State Bank of Chicago, 264 Ill.App. 142; Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273; Sanders v. Merchants' State Bank, 349 Ill. 547, 182 N.E. 897.

■ This liability may be enforced by proceedings brought at once against the stockholders, regardless of the solvency or insolvency of the bank. Such proceeding is entirely distinct from any liquidation of the bank. It is not necessary to first establish the validity of the claim against the bank. Sanders v. Merchants' State Bank, supra; Rhode v. State Bank of Beverly Hills, 268 Ill.App. 578; Golden v. Cervenka, supra; Elkin v. Diversey Trust & Savings Bank, 363 Ill. 160, 1 N.E.2d 844.

The statute enacted in Illinois (Laws 1919, p. 229, § 11) which gave a receiver of a bank a right to enforce this liability was declared unconstitutional, as repugnant to section 6, article 11. Golden v. Cervenka, supra.

A later statute (Laws 1929, p. 179, § 11 [Smith-Hurd Ill.Stats. c. 16½, § 11]), however, provides that a creditor may, on behalf of himself and all other creditors, enforce stockholders' liability by proceedings in equity. This statute has been upheld. Comstock v. Morgan Park Trust & Savings Bank, 363 Ill. 341, 2 N.E.2d 311; Heine v. Degen, 362 Ill. 357, 199 N.E. 832; Leonard

v. Bye, 361 Ill. 185, 197 N.E. 546, 101 A.L.R. 569.

While it must be conceded that neither the statutes nor the decisions of Illinois can operate to enlarge the equity jurisdiction of the federal courts, it is apparent that not only in Illinois but in other jurisdictions the courts have held, quite independently of statutory remedies, that a creditor can bring a proceeding in equity in behalf of himself and other creditors against such shareholders as are within the territorial jurisdiction of the court. Golden v. Cervenka, supra; Heine v. Degen, supra; Alsop v. Conway (C.C.A.) 188 F. 568, 579; Brusselback v. Cago Corporation (C.C.A.) 85 F.2d 20; Holmberg v. Carr (C.C.A.) 86 F.2d 727.

These cases proceed upon the theory that the liability constitutes a trust fund which the court may recover and distribute among creditors according to their respective interests. Alsop v. Conway, supra; Brusselback v. Cago Corporation, supra.

The theory is analogous to that which obtains in suits to collect, for the benefit of creditors of corporations, unpaid subscriptions to stock. Handley v. Stutz, 137 U.S. 366, 11 S.Ct. 117, 34 L.Ed. 706.

The object of this rule is obvious where the stockholders' liability runs to a class. It is to prevent one creditor from appropriating to himself, without regard to others, the proceeds of his recovery. Where, as in the instant case, the stockholders' liability runs to all creditors whose claims are based on liabilities incurred during the period of ownership, equity is the only appropriate remedy whereby such unlawful preference could be avoided. There is no doubt that this is the settled rule in Illinois and has been followed by the federal court in the case of Reconstruction Finance Corporation v. Central Republic Trust Company (D.C.) 11 F.Supp. 976, and also in the Circuit Court of Appeals for the Second Circuit in Brusselback v. Cago Corporation, supra.

In Illinois, the courts have gone so far as to deny to a single creditor an action at law if the bank in question is being liquidated. Leonard v. Bye, 361 Ill. 185, 197 N.E. 546, 101 A.L.R. 569; Zimmerman v. Zeimer, 363 Ill. 220, 1 N.E.2d 854. See, also, Terry v. Little, 101 U.S. 216, 25 L.Ed. 864.

In the Zimmerman Case, after pointing out the propriety of a representative suit, the court added "To give the constitutional provision any other interpretation would afford individual creditors an undue and unfair advantage over those creditors who present their claims in the representative proceeding in equity. It would furnish opportunity for a stockholder to prefer one creditor over creditors generally, it would positively prevent the creation of a fund to be distributed ratably among all creditors, as the Constitution contemplates, and would result in serious confusion in the liquidation of insolvent banks. Such a condition was not intended by the framers of the Constitution."

Cases cited by the defendant, such as Hale v. Allinson, supra, and Broderick v. American General Corporation (C.C.A.) 71 F.2d 864, 94 A.L.R. 1359, are not in point. These are suits brought by officials clothed with full authority to apply the proceeds of the recovery, and there was no need for the court to administer a trust fund. This distinction is clearly pointed out in the opinion of Judge Parker in the Broderick Case and was also noticed in Brusselback v. Cago Corporation, supra.

Defendants have cited Auer v. Lombard (C.C.A.) 72 F. 209, as supporting their contention that plaintiffs' only recourse is to an action at law. It will be noted that the court recognized the possible propriety of a bill in equity when it observed that a case might arise under the Colorado statute involved which would call for the "securing and distribution of a fund." The force of this decision, moreover, is much weakened by Miller v. Clifford (C.C.A.) 133 F. 880, 5 L.R.A.(N.S.) 49, dealing with the same statute. Commenting on Auer v. Lombard, it was said that the court in the earlier case had undertaken to forecast the construction which the courts of Colorado might put upon the statute and that since the decision the courts had construed it, holding that a suit in equity was an appropriate mode of enforcing the stockholders' liability. It is also apparent from the opinion in Miller v. Clifford that a construction of a state statute by the state court if not controlling was persuasive authority.

The decisions of the Illinois courts respecting the mode of enforcing stockholders' liability imposed by the Illinois Constitution were given weight in Reconstruction Finance Corporation v. Central Republic Trust Co., supra. I agree that the court may well follow the Illinois courts in the determination of the question whether the stockholders' liability constitutes a fund

which a court of equity may properly reach and distribute.

Second. The defendants whose holdings of stock in the bank amounted to less than 30 shares raise the further objection that the court cannot take jurisdiction as to them for the reason that the requisite jurisdictional amount is not involved. This contention has been made in the District Court for the Northern District of Illinois, in Reconstruction Finance Corporation v. Central Republic Trust Co., supra, as well as in other jurisdictions. The courts have been unanimous in holding that the jurisdictional amount is to be determined with reference to the total amount of the fund which the plaintiffs seek to bring within the reach of the court. Reconstruction Finance Corporation v. Central Republic Trust Co., supra; Brusselback v. Chicago Joint Stock Land Bank (C.C.A.) 85 F.2d 617; Brusselback v. Cago Corporation, supra. See, also, Handley v. Stutz, supra.

Having reached the conclusion that the court takes jurisdiction because of the necessity of administering a fund, it follows that the court has jurisdiction over these defendants, and this regardless of my conclusion upon the further contention that the United States is improperly joined as a plaintiff. Respecting this contention, after careful examination of the authorities submitted, I find that my decision must go against the defendants in view of the following cases: Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328; Erickson v. United States, 264 U.S. 246, 44 S.Ct. 310, 68 L.Ed. 661; Federal Land Bank of St. Louis v. Priddy, Circuit Judge, 295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1408; Reconstruction Finance Corporation v. Krauss (D.C.) 12 F.Supp. 44; United States v. Lewis (D.C.) 10 F.Supp. 471; United States v. Arthur et al. (D.C. Southern Dist. of N. Y.) decided June 9, 1937.[1]

It is argued that these decisions ignore established legal concepts of the relationship between a corporation and its shareholders; nevertheless I am unable, notwithstanding the argument of learned counsel, to distinguish the case at bar from the case of Erickson v. United States, supra. In that case, a suit was brought by the United States and the United States Spruce Production Corporation, a corporation organized under the laws of the state of Washington. It was brought to enforce defendants' liability upon a contract entered into between him and the corporation. The United States had furnished all the capital, owned all of the capital stock, and was entitled to the net proceeds of liquidation. It was held that the United States was a proper party plaintiff and that the court did not lose jurisdiction because the defendant and the corporation were citizens of the same state.

The case at bar would seem to present an even stronger case in favor of jurisdiction. Here the corporation is organized under federal laws and the United States not only owns all of the capital stock but the President appoints the board of directors, one of whom shall be the Secretary of the Treasury. There is more reason for regarding the Reconstruction Finance Corporation as an arm, or instrumentality, of the government and more reason for asserting that the government has a direct and substantial interest in the subject matter of the litigation than appeared in the Erickson Case.

Third. The only other question raised by the several motions to dismiss, which I regard of sufficient merit to require notice in this opinion, is that presented by the defendants Pratt and Luberoff, who claim that the suit cannot be maintained as to them because they are not residents of the District of Massachusetts.

The bill alleges that these defendants are inhabitants of Massachusetts. In their motions to dismiss, they assert that they are inhabitants of other states. For the present it will be assumed that they have established the fact that they are not inhabitants residing within this district. The statute (28 U.S.C.A. § 112) provides that no civil suit shall be brought in the district against any person by any original process or proceedings in any other district than that whereof he is an inhabitant. It was long since held that this provision does not limit the general jurisdiction of the court but is a matter of personal privilege which a defendant may insist upon or waive at his election, and that such a privilege is waived if he enters a general appearance without claiming the benefits of it. Gracie v. Palmer, 8 Wheat. 699, 5 L.Ed. 719; Interior Construction & Improvement Co. v. Gibney, 160 U.S. 217, 16 S.Ct. 272, 40 L.Ed. 401; Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 47 S.Ct. 578, 71 L.Ed. 1002.

---

[1] No opinion for publication.

There is also controlling authority for the proposition that the filing of a demurrer attacking the jurisdiction over the parties or over the subject matter of the suit is to be regarded as tantamount to a general appearance. St. Louis & San Francisco Ry. Co. v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659; Western Loan & Sav. Co. v. Butte & Boston Consol. Mining Co., 210 U.S. 368, 28 S.Ct. 720, 52 L.Ed. 1101; United States v. Hvoslef, 237 U.S. 1, 35 S.Ct. 459, 59 L.Ed. 813, Ann.Cas.1916A, 286; Thames & Mersey Marine Ins. Co. v. United States, 237 U.S. 19, 23, 35 S.Ct. 496, 498, 59 L.Ed. 821, Ann.Cas.1915D, 1087.

In Thames & Mersey Marine Ins. Co. v. United States, supra, the court said: "While the government asserted in its demurrer that it appeared specially, it raised by that pleading not simply the question of the jurisdiction of such a suit against the United States, but also that of the merits, seeking, and thus obtaining, a decision as to the constitutionality of the tax, and hence of the insufficiency of the facts alleged to support a recovery. Such a demurrer is in substance 'a general appearance to the merits,' and is a waiver of objection with respect to the district in which the suit was brought."

It is true that these cases were actions at law in which the appropriate proceeding would have been a special appearance for the purpose of filing a plea in abatement raising the question of venue. It is argued that since 1912, the effective date of Equity Rule 29, 28 U.S.C.A. following section 723, abolishing pleas in abatement and demurrer, the above rule of procedure was materially modified. It was said in Prudential Ins. Co. of America v. McKee (C.C.A.) 81 F.2d 508, 510, that "This rule with regard to waiver of the objection has been so strictly applied both before and after the adoption of the new equity rules that even where the objection is definitely made *concurrently* with other defenses which invoke the judgment of the court, on the merits, either by demurrer, prior to the new rule, or by motion thereafter, the objection will be held to have been waived."

I gather from the authorities that the true rule since the adoption of the equity rules will not forbid the filing of a motion to dismiss, accompanied by an answer to the merits, providing the pleadings show distinctly that, by pleading to the merits, the defendant does not waive his objection to the venue. This was the result reached in Prudential Ins. Co. of America v. McKee, supra.

The question, therefore, is narrowed to whether these two defendants have by their acts waived their privileges. Answer to this question requires an examination of the pleadings which they have filed. The defendant Luberoff filed a special appearance without specifying its purpose. Later, he filed a motion to dismiss, in which he recites that he appears specially for the purpose of making the motion and no other, and moves that the suit be dismissed on the ground that the bill of complaint set forth no case within the equity jurisdiction of this court, and submitted ten specifications, the third specification being to the effect that the defendant did not reside in or was not an inhabitant of the District of Massachusetts. The other grounds for the motion included those considered above, which were common to all the motions.

The defendant Pratt did not appear specially except when she filed a motion in which she states that she appears specially for the purpose of the motion and no other and moves that the bill of complaint be dismissed as to her. She sets forth in her motion seventeen reasons why the motion should prevail. In the third paragraph she avers that she is a resident of the state of Ohio. The other grounds are those common to the motions of the other defendants.

In both of these motions it is asserted that the bill must be dismissed because the plaintiffs have a full, complete, and adequate remedy at law. These pleadings would seem to me to present a case where the defendants have joined their objection to the venue with other defenses which require the judgment of the court on the merits.

There is no language in either of the motions to indicate that the question of venue was the primary purpose of the motion, or that the consideration of the merits was to be postponed until after the court had disposed of that question; nor is there any express statement to the effect that by raising these questions respecting the equities of the case the defendants did not waive their objections to the venue. In short, it is my conclusion that these defendants have not brought their pleadings within the rule respecting waiver as it has ob-

tained since the adoption of Equity Rule 29, 28 U.S.C.A. following section 723.

It follows from the foregoing that all of the motions to dismiss must be overruled. It is so ordered.