**UNITED STATES v. FREEMAN et al.**

No. 4077.

District Court, D. Massachusetts.

March 21, 1941.

Edmund J. Brandon, U. S. Atty., Harry Bergson, Agency Counsel, both of Boston, Mass. (Max Hersh, of Washington, D. C., of Reconstruction Finance Corporation and Philip Bergson, of Boston, Mass., of counsel), for Reconstruction Finance Corporation.

Lillian Cole Smith, of Winchester, Mass., pro se.

William J. Holbrook, of Boston, Mass. for defendant Emma Freeman.

Donald M. Hill and Donald M. Hill, Jr., both of Boston, Mass., for defendant Louis M. Johnson.

H. C. Dunbar, of Boston, Mass., for defendants Charles L. Jones and Olive M. Jones.

BREWSTER, District Judge.

This suit is brought by the United States of America and the Reconstruction Finance Corporation (hereinafter referred to as the "R.F.C.") to enforce against citizens of this district the double liability imposed by the State of Illinois upon holders of stock in the Central Republic Trust Company (hereinafter called the "Trust Company"). Many defendants were named in the original and supplementary complaints. As a result of settlements, the proceedings have been dismissed against all except a few. The suit is now before the court on plaintiffs' motions, filed under Rule 56 of Federal Rules of Civil Procedure, 28 U S.C.A. following section 723c, for a summary judgment against the following named defendants: Emma Freeman, Lillian Cole Smith, Charles L. Jones, Olive M. Jones and Louis M. Johnson. These motions have been submitted upon the pleadings, answers to interrogatories propounded by the defendant Freeman, admissions of fact in response to requests filed by plaintiffs and defendants under Rule 36 of the Federal Rules of Civil Procedure, and affidavits filed on behalf of both plaintiffs and defendants.

In an earlier stage of the proceedings, this court considered motions to dismiss which were overruled in United States v. Freeman et al., D.C., 21 F.Supp. 593. It was then held that this court, as a court of equity, had jurisdiction to entertain a suit by plaintiffs to enforce the stockholders' liability arising under the Illinois Constitution and Statutes against stockholders, resident in Massachusetts.[1]

Rule 56 (c) of the Federal Rules of Civil Procedure provides in part that "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is necessary, therefore, to examine the facts as disclosed by the record upon which the motions for summary judgments were submitted, first, to see if any genuine issue of a material fact is presented, and second, if not, whether the plaintiffs are entitled to a judgment as a matter of law.

The facts essential to a right of recovery by these plaintiffs may be summarized as follows:

(a) The United States of America now is and at all times has been the sole owner of the capital stock of the R.F.C.;

(b) The organization and existence of the Trust Company as a banking institution under the laws of the State of Illinois;

(c) The making of the disbursements by the R.F.C. to the Trust Company on the dates set forth in the complaint;

(d) Ownership of stock in the Trust Company by the defendants on these dates;

(e) The existence of a balance due the R.F.C. at the present time on account of the indebtedness arising from the making of the aforesaid disbursements; and

(f) The existence of creditors of the Trust Company other than R.F.C.

The following essential facts are admitted or established beyond peradventure by affidavits:

The United States has been and is the owner of all the capital stock of the R.F.C. The Trust Company was organized on July 25, 1931, under the banking laws of Illinois as a banking association, with an authorized and fully paid capital stock of $14,000,000 consisting of 140,000 shares of

---

[1] Section 6, Article 11, of the Illinois Constitution, Smith-Hurd Stats., reads: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

Section 6 of the Illinois Banking Act,

Sec. 6, Chap. 16½, Smith-Hurd Ill.Stats. Ann. reads: "Every stockholder in any bank or banking association organized under the provisions of this Act shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder. * * *"

722

the par value of $100 each. The Trust Company filed with the R.F.C. on June 27, 1932, an application for a loan of not to exceed $95,000,000. On the same day a resolution was adopted approving a loan of not over $90,000,000. The Trust Company executed on June 27, 1932, its note for $30,000,000 and on October 5, 1932 the Trust Company executed and delivered its note for $50,000,000, dated October 6, 1932. Copies of both notes are attached to plaintiffs' declaration.

On June 29, 1932, the R.F.C. disbursed $30,000,000 to the Trust Company, and on October 6, 1932, it disbursed $50,000,000 to the Trust Company, the disbursements being made through the Federal Reserve Bank of Chicago. Other creditors have filed claims aggregating over $47,000 before a court or official authorized to receive the same. The balance due November 27, 1940, on the $30,000,000 note was over $10,000,000, principal and interest, and on the $50,000,000 note over $34,000,000, principal and interest. R.F.C. had in its possession, or in that of the Federal Reserve Bank, on November 27, 1940, collateral which had not been applied to the payment of the notes. Each defendant, above named, was a holder of shares of the capital stock of the Trust Company on June 27, June 29 and October 6, 1932.

The defendants contend that an issue of fact is presented with reference to the legality of the meeting of the directors of R.F.C., held June 27, 1932, when a resolution was passed authorizing the loan, the argument being that defendants might be able to show that the meeting was not properly called and that a quorum was not present.

The defendants have filed an affidavit by an attorney for one of the defendants, from which it appears that he had examined the records of R.F.C. at Washington and of the Trust Company and Federal Reserve Bank of Chicago at Chicago. This affidavit contained excerpts from the minutes of a meeting of directors, held June 27, 1932, at 9.15 A. M. in Washington. These minutes show that four directors were present at the meeting. The minutes recite that on the previous Sunday (June 26) two of the directors were in New York and two in Washington, while two other directors were in Chicago; that Secretary Mills, a director who was in New York on the previous day, reported to the meeting a telephone conversation which he had held

with the two directors in Chicago. The affidavit further discloses that the records of the meeting do not indicate what notice was given except the statement that it was held "pursuant to call and notice as required by Article I of the By-Laws which provides for special meetings of the directors upon one hour's notice."

■ The plaintiffs' affidavits show that the secretary of R.F.C. was present at the meeting and that the four directors, named in the minutes as being present, were actually present. The secretary's affidavit also includes in full the minutes of the meeting so far as they relate to the loan to the Trust Company, including the form of the resolution which defendants admit was adopted. Since the defendants' affidavit furnishes no evidence to the contrary, the positive assertion of the secretary that a quorum was present must be deemed to be beyond the realm of controversy. It is clear that the record presents no issue which could be characterized as genuine, even if it be assumed that any irregularity in the meeting would operate as a defense which a stockholder could set up in this suit, a matter which is extremely doubtful.

■ When the Trust Company received the proceeds of the loan and gave its promises to pay $80,000,000 to R.F.C., an indebtedness existed whether or not the resolution authorizing the loan was adopted at a regular meeting by a quorum of the directors. In other words, neither the Trust Company nor its stockholders can take advantage of any such irregularity as defendants suggest, even though the suggestion rested on substantial grounds. The situation is somewhat analogous to that of a bank making a loan forbidden by law. It has frequently been held that such loans create enforceable obligations. Union National Bank v. Matthews, 98 U.S. 621, 25 L.Ed. 188; National Bank v. Whitney, 103 U.S. 99, 26 L.Ed. 443; Sioux City Terminal Railroad & Warehouse Co. v. Trust Company of North America, 173 U.S. 99, 19 S.Ct. 341, 43 L.Ed. 628.

This rule was recognized in Reconstruction Finance Corporation v. Central Republic Trust Company, D.C., 17 F.Supp. 263, 299, and in Reconstruction Finance Corporation v. McCormick, 7 Cir., 102 F.2d 305.

■ The next question to be considered is whether, on the pleadings, the defendants have set up any defenses which, as a matter of law, would defeat the motions.

Many of these legal defenses were considered by this court in the earlier opinion in United States v. Freeman, D. C., 21 F. Supp. 593, and decided adversely to the defendants. Among such defenses are the following:

a. That the plaintiff could only seek relief in the Illinois courts;

b. That the plaintiff had an adequate remedy at law;

c. That the bank was solvent;

d. That the receiver had not been asked to enforce stockholders' liability; and

e. Non-joinder of other stockholders.

In the earlier decision in this court, it was stated that the stockholders' liability ran directly and immediately to creditors, rendering each stockholder severally and individually liable for debts of the Trust Company accruing while he was a stockholder, his liability being limited to the par value of the stock so held, and that this liability could be enforced regardless of solvency· or insolvency of the Trust Company.

These conclusions were supported by decisions of the court of last resort in Illinois. It is not necessary to cite them here. They were also in harmony with decisions of the Federal court in other districts dealing with the liability of the stockholders of the Trust Company. Reconstruction Finance Corporation v. Central Republic Trust Company, D.C., 11 F.Supp. 976; United States v. Arthur et al., D.C., 23 F.Supp. 537.

The defendants, some or all of them, have in their answers set up other defenses which must be considered. They are:

1. That the R.F.C. waived its rights against the stockholders by taking collateral;

2. That R.F.C. had enough collateral to satisfy the loan;

3. That the loan to the Trust Company by the R.F.C. violated Illinois laws and was ultra vires the bank; and

4. That the Act under which the R.F.C. proceeded was unconstitutional.

■ If the defendants could successfully defend by showing that R.F.C. held collateral of sufficient value to satisfy the obligations, an issue of fact might arise respecting the value of this collateral. On the other hand, if defendants' liability as stockholders may be enforced by a creditor holding security, then the issue would not relate to a material fact. From the decision of Judge Wilkerson in Reconstruction Finance Corporation v. ·Central Republic Trust Company, D.C., 17 F.Supp. 263, it inevitably follows that the fact that R.F.C. held the collateral did not prevent recovery in the Federal courts. Furthermore, the conclusion that a secured creditor may enforce the stockholders' liability is compelled by the authorities. Archibald v. Argall, 53 Ill. 307; Pickrel v. Doubet, 239 Ill.App. 553; Palmer v. Woods, 149 Ill. 146, 35 N.E. 1122; Aldrich v. Chemical National Bank, 176 U.S. 618, 638, 20 S.Ct. 498, 44 L.Ed. 611.

■ Reconstruction Finance Corporation v. Central Republic Trust Co., supra, was a suit in equity brought to enforce the stockholders' liability imposed by the Illinois Constitution and statutes upon stockholders of the Trust Company, resident in that district or appearing in that suit. After a lengthy trial, the district court made detailed findings of fact and in a carefully considered opinion disposed of the numerous defenses which defendants, in that case, had urged upon the court. All of the defenses, above enumerated, were dealt with in the opinion of the court. Judge Wilkerson upheld the constitutionality of the Act and held that the R.F.C. had not waived its rights to enforce stockholders' liability by accepting collateral.

On the question of waiver, the court observed [17 F.Supp. 292], "If plaintiff was a creditor within the meaning of the Illinois Constitution, the stockholders' liability was by law as much a part of the contract as if it had been written in terms in the application and resolution. An inference of waiver of the stockholders' liability cannot be drawn against the plaintiff because there are provisions with reference to the pledged collateral in the application and resolution and nothing about the stockholders' liability."

The court also concluded that the transactions between the R.F.C. and the Trust Company were lawful and did not violate the public policy of Illinois; that the transactions were within the corporate powers of both the R.F.C. and the Trust Company; that the Trust Company was, on October 6, 1932, a banking institution within the meaning of the Illinois Constitution; that the R.F.C. had made proper application of the credits resulting from the sale of collateral; that the Trust Company was liable to other creditors than the R.F.C., and that

the R.F.C. was entitled to a decree in accordance with the prayer of its bill.

The Circuit Court of Appeals for the Seventh Circuit, in Reconstruction Finance Corporation v. McCormick, supra [102 F. 2d 323], affirmed in all respects the decision of the district court and held that the stockholders' liability was a right which attached when the Trust Company gave its note to R.F.C. and was "enforcible in a direct suit against the stockholders." The Supreme Court, 308 U.S. 558, 60 S.Ct. 90, 84 L.Ed. 469, denied certiorari.

In view of this situation, the Illinois litigation must be deemed to have settled the law applicable to the facts of this case. It would be presumptuous for this court to adopt views incompatible with the conclusion reached.

It follows therefore from the foregoing that the plaintiffs' motions cannot be defeated because of the existence of a genuine issue as to a material fact, nor because of the validity of any of the defenses raised in the pleadings.

Plaintiffs' motions for summary judgments against the defendants Emma Freeman, Lillian Cole Smith, Charles L. Jones, Olive M. Jones and Louis M. Johnson are allowed.