**BOESENBERG v. CHICAGO TITLE & TRUST CO.**

**KROESCHELL et al. v. CHICAGO TITLE & TRUST CO.**

No. 7836, 7844.

Circuit Court of Appeals, Seventh Circuit.

May 6, 1942.

Rehearing Denied June 12, 1942.

Wm. B. Goodstein and Leo S. Samuels, both of Chicago, Ill., for appellant Boesenberg.

J. Kentner Elliott, of Chicago, Ill., for appellant Kroeschell.

Geo. L. Pilkington and Edmund J. Reynolds, both of Chicago, Ill. (Saltiel & Pilkington and Edward P. Saltiel, all of Chicago, Ill., of counsel), for appellee.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a dismissal of his complaint, the District Court having found that jurisdiction based upon diversity of citizenship did not exist for the reason that plaintiff's interest involved less than $3,-000.

Plaintiff sued as representative of a class, great in number, all beneficiaries of a

246

trust estate, averring that the trustees had been guilty of malfeasance, had wrongfully converted trust funds to their own use and fraudulently paid excessive compensations to certain individuals. Plaintiff sought restraint of the trustees from further wrongful action, lodgment of the trust estate in a receiver to be appointed by the court, determination of the amount due the estate and its restorement to the fund. The sums said to have been wrongfully diverted were more than $30,000 and the entire estate consisted of property worth some $70,000. Plaintiff's proportionate interest therein is less than $3,000.

The District Court evidently believed this to be a suit to recover the several individual amounts due plaintiff and others of the same class of which the court had no jurisdiction because of lack of the essential element of jurisdiction depending upon diversity of citizenship, in that the sum due plaintiff is less than the requisite amount.

 We think this was error. True, several claims of many against one may not be aggregated to create a sum conferring jurisdiction. Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Illinois Bankers' Life Ass'n v. Farris, 7 Cir., 21 F.2d 1014; Clark v. Paul Gray, Inc. 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Robbins v. Western Automobile Ins. Co., 7 Cir., 4 F.2d 249. But such is not the case before us. Rather it is within the rule announced by this court in Johnson v. Ingersoll et al., 63 F.2d 86, 87. There a stockholder brought suit to protect a corporate right and the resultant common interests of all stockholders therein, the corporation having refused to take action. "In such case, it is not necessary for the shareholder to show that his private interest or damage, actual or threatened, amounts to the sum which is required to give the federal courts jurisdiction. That jurisdiction is tested by the value of the object sought to be gained by the suit. Fidler v. Roberts [7 Cir.], 41 F.2d 305, 306; Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Swan Island Club, Inc. v. Ansell [4 Cir.], 51 F.2d 337; Haynes v. Fraternal Aid Union, D.C., 34 F.2d 305, 307. See, also, Hutchinson Box Board & Paper Co. v. Van Horn [8 Cir.], 299 F. 424, 428; Larabee v. Dolley, C.C., 175 F. 365, 378; Green-

wood v. Union Freight Co., 105 U.S. 13, 16, 26 L.Ed. 961; Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827; Harvey v. American Coal Co. [7 Cir.], 50 F.2d 832; Clay v. Field, 138 U.S. 464, 479, 11 S.Ct. 419, 34 L.Ed. 1044; Wheless v. St. Louis, 180 U.S. 379, 382, 21 S.Ct. 402, 45 L.Ed. 583; Cyc. of Federal Procedure, §§ 61, 62."

This rule applies equally as strongly where the plaintiff is a beneficiary of a trust. Handley v. Stutz, 137 U.S. 366, 11 S.Ct. 117, 34 L.Ed. 706. Such was the situation in Marion Mortgage Co. v. Edmunds, 5 Cir., 64 F.2d 248, 252. There plaintiff sought to recover for trust estates funds alleged to have been wrongfully diverted. The court held it immaterial whether the interest of plaintiff was worth more than $3,000 saying: "But these interests do not fix the amount in controversy, for this bill is not a suit to recover on the bonds and certificates. There is no prayer for such a judgment, but only for a recovery by each trust of what has been taken from it, to be returned to the several trustees who are parties. It is like a stockholders' bill to enforce a corporate right which the corporate officers refuse to assert. The amount in controversy is the corporate right and not the stockholder's interest in the corporation, which latter is necessary only to justify his suing in the corporation's behalf."

 Inasmuch therefore as plaintiff sought to have the court take jurisdiction of a trust fund aggregating more than $70,000 in value; to have restored to that fund sums aggregating some $30,000 alleged to have been wrongfully diverted and to have the estate administered in court, it is apparent that the subject of controversy was not the recovery of plaintiff's interest in the trust fund but the protection, preservation and administration of a trust estate worth far more than $3,000, under the well known powers of a court of equity. Such is a true class suit, which may be maintained by "one or more" of the class, Rule 23, Rules of Civil Procedure, 28 U.S.C.A. following section 723c; United States v. "Old Settlers", 148 U.S. 427, 13 S.Ct. 650, 37 L.Ed. 509; Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84. Consequently "the issue of diversity of citizenship of the parties must be determined by the citizen status of the parties before the court." Irwin v. Missouri Valley Bridge & Iron Co., 7 Cir., 19 F.2d 300, 303.

It is said, however, that, in view of the fact that within two days after the suit was begun, other beneficiaries, residents of Illinois, intervened and adopted the pleadings of plaintiff, the latter should be classed as original plaintiffs and the jurisdiction of the court defeated because of their citizenship. Whether the court had jurisdiction is to be determined from plaintiff's complaint, which, we have seen, was sufficient. The fact that thereafter other beneficiaries were introduced into the controversy "did not oust the jurisdiction of the court, already lawfully acquired, as between the original parties." Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 1164, 29 L.Ed. 329; Johnson v. Riverland Levee District, 8 Cir., 117 F.2d 711, 134 A.L.R. 326; Wichita Railroad & Light Co. v. Public Utilities Commission, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, at page 365, 41 S.Ct. 338, 65 L.Ed. 673. The jurisdiction of the court "is determined as of the date when suit was begun." Irwin v. Missouri Valley Bridge & Iron Co., 7 Cir., 19 F.2d 300; Wichita Railroad & Light Co. v. Public Utilities Commission, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124.

The judgment is reversed with directions to proceed in accord with this opinion.