## MILLER v. NATIONAL CITY BANK OF NEW YORK et al.

### No. 122.

Circuit Court of Appeals, Second Circuit.

March 5, 1945.

Milton Paulson, of New York City (Abraham L. Pomerantz and William E. Haudek, both of New York City, of counsel), for plaintiff-appellant.

Shearman & Sterling and McClellan & Shrewsbury, all of New York City (Otey McClellan and MacIlburne Voorhies, both of New York City, of counsel), for defendant-appellee National City Bank of New York.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Ralph M. Carson and Francis W. Phillips, both of New York City, of counsel), for defendant-appellee Guaranty Trust Co. of New York.

Before L. HAND, AUGUSTUS ·N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The jurisdiction of this action is based upon diversity of citizenship. The complaint alleges that the matter in controversy exclusive of interest and costs exceeds $3,000. On June 18, 1916 a syndicate of five banks, of which the defendants Guaranty and City Bank were two, contracted with the Imperial Russion Government to grant it a three year credit not to exceed $50,000,000. The syndicate raised the money from the public by the issue of participation certificates of which the plaintiff holds a certificate for $5,000. The complaint alleges that this is a representative action brought by the plaintiff on his own behalf and on behalf of all other holders of participating certificates similarly situated.

The complaint further alleges that by the agreement between the syndicate and the Imperial Russian Government the $50,-

000,000 credit to be opened for the latter could be utilized in whole or in part by the Russian Ministry of Finance, interest on the credit was to be paid to the syndicate at the rate of 6½% per annum and to the extent that the credit was utilized and unpaid, it was to be repaid by the Imperial Russian Government with interest on June 18, 1919.

The plaintiff's certificate signed by the bank members of the syndicate certified that he was a participant in a credit of $50,000,000 in favor of the Imperial Russian Government to the amount of $5,000 and was entitled to a ratable distribution of all sums as and when received by the syndicate both on account of the principal of the credit and the interest thereon, and on final settlement to a ratable distribution of the net profits arising in the liquidation of the credit. Profits might be derived under the agreement from sales by the syndicate of certain Imperial bonds which it might sell at an advance over the price at which it had an option to purchase them from the Russian Government and from commissions for services in making such sales. The certificates provided that the syndicate members assumed no personal liability to the holder and that no right of any kind should accrue to the holder except the right to share pro rata in the distribution.

The complaint further alleges that on June 19, 1919 there was an unexpended portion of the credit established with Guaranty in the approximate sum of $5,100,000; that the certificates were unpaid; that Guaranty had failed to distribute that sum or any part of it to the participating creditors, but utilized the entire unexpended balance of the credit of $5,100,000 by offsetting the same against debts claimed to be owing to it by certain Russian banks; that Guaranty had neglected to offset said unexpended balance against the debt owing by Russia to the syndicate pursuant to the agreement; that by virtue of the premises the members of the syndicate were trustees for the benefit of certificate-holders and became under a duty to account for their administration and to distribute the $5,100,000 to the certificate-holders but had failed to do so. It prays for an accounting and ratable distribution.

The plaintiff's ratable share of the $5,100,000 alleged to be withheld or misapplied by the syndicate is $510, which is less than the amount necessary to support jurisdiction. But he contends that the claims of all the certificate-holders may be aggregated for jurisdictional purposes. The sole question is whether the amount involved in the present action is the total amount withheld, that is to say, $5,100,000, or is only plaintiff's individual share of but $510. The court below filed an opinion in which it said that no trust was created in favor of the certificate-holders and for that reason the claims could not be totalled so as to supply the amount necessary to support federal jurisdiction. In reaching this conclusion the District Judge followed the opinion of Justice Shientag who had dismissed a class suit brought in the New York Supreme Court by the very plaintiff in the present case, and founded on like claims, because it was barred by the New York Statute of Limitations. In doing this he stated that under the terms of the agreements entered into by the parties the defendants were not trustees of a subsisting trust and, after rejecting the contention that there was a trust, said: "I need not decide what relationship was created by these instruments. Perhaps it was a debtor creditor relation, the debt payable only out of an ear-marked source." The sole question before us is whether the sum of $5,100,000 is the amount involved or only $510 which was the amount to which the plaintiff would be individually entitled.

■ If a trust was created by the arrangements of the parties there can be no doubt that a foundation for a true class suit would exist. Handley v. Stutz, 137 U.S. 366, 11 S.Ct. 117, 34 L.Ed. 706; Redmond v. Commerce Trust Co., 8 Cir., 144 F.2d 140; Citizens Banking Co. v. Monticello State Bank, 8 Cir., 143 F.2d 261; Boesenberg v. Chicago Title & Trust Co., 7 Cir., 128 F.2d 245, 141 A.L.R. 565; Marion Mortgage Co. v. Edmunds, 5 Cir., 64 F.2d 248. The same thing would be true if the certificate-holders, though having separate and distinct demands, had united to enforce a common right in a single lien securing their several interests. In that case the jurisdictional amount would be measured not by the amount of each separate claim sued upon by the value of the security. Troy Bank v. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81. We see no essential difference between such situations and the present one. What the plaintiff is seeking here is to compel Guar-

anty to restore to a fund which belonged to all the certificate-holders in common moneys it is said to have misapplied and then to make a distribution as ancillary to the primary relief. Even if Guaranty was a mere agent it might be charged with a breach of a fiduciary duty to realize upon the Russian credit, for the benefit of its principals, which credit it could not employ to its own advantage. The present action closely resembles a class suit by a stockholder to compel his corporation to enforce rights which the latter has refused or neglected to assert, to the detriment of its stockholders. The object sought to be gained by the suit is the restoration of the common fund of the $5,100,000 alleged to have been diverted. That the claims of the certificate-holders to share in the fund may have been several does not affect the issue. Had these certificate-holders brought an action simply for the distribution of a fund, rather than for restoration to a fund, the amount in controversy might perhaps have been measured only by the value of the claim of the individual holder. The fact that the plaintiff prays for distribution to the certificate-holders in addition to the primary relief asked cannot divest the court of jurisdiction. The amount in controversy, which is the whole $5,100,000, has not been reduced by the prayer for additional relief.

It is to be distinctly remembered that we are not in the slightest way passing on the merits. The District Court on our remand may still determine whether the facts alleged in the complaint are true, whether Justice Shientag's decision was a judgment precluding recovery on grounds of res judicata or estoppel, whether the action has been barred by the New York Statute of Limitations or by laches, or is subject to any other defense. We are only deciding that the plaintiff, on the face of the complaint, has set forth a class suit and has alleged facts showing that the necessary jurisdictional amount is involved.

The National City Bank of New York argues that no claim is stated against it. Such an argument goes to the merits, and not to the mere question of jurisdiction. As a member of the syndicate and a co-fiduciary it may be contended that it was under a duty to have prevented the alleged misappropriations of Guaranty or to have taken steps to have the fund restored.

Judgments reversed and action remanded.