**MORRIS v. PREFABRICATION ENGI-
NEERING CO. et al.**

**PREFABRICATION ENGINEERING CO.
et al. v. MORRIS.**

No. 12772.

United States Court of Appeals
Fifth Circuit.

April 7, 1950.

Harry L. Durant, Miami, Fla., N. J. Durant, Miami, Fla., for appellants and cross-appellee.

Thos. McE. Johnston, Miami, Fla., for appellee and cross-appellants.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

This action was brought to rescind a contract and to recover a deposit of $4,000 paid as an advance on the purchase price of certain wedges and bolts under that contract. The lower Court on a former trial found for the plaintiff and entered a judgment for $4,000, less the value ($20.25) of 675 bolts and wedges delivered by the defendant and admittedly used by the plaintiff.

On appeal this Court sustained the findings of the trial Court that time was of the essence of the contract; that defendant had failed to ship within the time provided for in the contract; and that plaintiff had a right to, and did, rescind in July, 1943. Our opinion stated, however, that it not being shown that the bolts and wedges which had been shipped prior to the rescission were of no intrinsic value, plaintiff should have returned the goods or offered to return them, or, more properly, that the lower Court was in error in not requiring an accounting for all the bolts and wedges shipped prior to the date of rescission. We, therefore, reversed and remanded for proceedings not inconsistent with our opinion. Morris v. Prefabrication Engineering Co., 5 Cir., 160 F.2d 779.

The only question remaining was the amount of credit to be given to the defendant for the 42,180 bolts and wedges shipped prior to the rescission, the answer to which is dependent upon whether, because of the lateness of their delivery, these bolts and wedges had only a salvage value to plaintiff, or whether the unit prices of such bolts and wedges should govern.

The record on the prior trial reflected the total quantity of bolts and wedges shipped before rescission, as well as the unit price of the bolts, but the unit price of the wedges was not shown. On remand, plaintiff moved in the Court below for a summary judgment in the amount of $3,954.-

50, predicated upon the allowance of the negligible salvage value of the bolts and wedges or, in the alternative, for a summary judgment for $2,734.60, predicated upon the allowance of the full unit price of the bolts and wedges delivered before rescission. Plaintiff attached to its motion an affidavit of a Mr. Johnson by which it sought to show the salvage value of the wedges to be $5 and—in the alternative—the unit value to be 3¢, in the event salvage value were not adopted.

The Court granted summary judgment for the lesser sum of $2,734.60, predicated upon the allowance of the full unit price for the wedges and bolts delivered before rescission. The defendant appealed from the entry of such judgment and the plaintiff cross-appealed, urging that the judgment should have been for the greater sum of $3,954.50.

The defendant contends that the alternative motion for summary judgment by the plaintiff in the sum of $2,734.60 constituted an admission, so to speak, by the plaintiff that the amount in controversy was not in excess of $3,000, by virtue whereof the lower Court had no jurisdiction.

We hold this assignment not to be well taken. At the time of the commencement of the action the requisite jurisdictional amount was involved, and the fact that the plaintiff alternatively reduced the amount of its demand in its motion for summary judgment in conformity to the law applied by this Court in the previous appeal would not, ipso facto, divest the Court of jurisdiction where, as here the plaintiff, in good faith, claimed an amount in excess of $3,000, with legal interest and costs, even though the amount awarded was less than the required jurisdictional amount. Service Finance Corporation v. Coppard, 5 Cir., 116 F.2d 488.

The defendant next insists that the motion for summary judgment should not have been granted because there was a genuine issue as to amount of damages and that he was deprived of the right to a trial and the introduction of competent evidence as to the true value of the articles in question. He also urges that the entry of the summary judgment was erroneous because there was nothing in the affidavit of Mr. Johnson to show that he was qualified to give an opinion as to the value of the articles involved.

We cannot agree with the defendant. We think a summary judgment was proper in this instance and served the very purpose for which Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., was intended in putting an end to vexatious and interminable litigation when no material fact was at issue. The judgment for the lesser amount, sought in the alternative, could not in any wise prove harmful or detrimental to the defendant inasmuch as the record shows that the wedges could not have cost more than the bolts, and that the bolts, according to defendant, had a unit price of 3¢. It was this maximum unit price of 3¢ for the wedges that was accepted by the Court as presented by the plaintiff's affidavit. We fail to discern any right in the defendant to receive in rescission of his contract a price greater than he would have been entitled to had he fulfilled his contract. Moreover, defendant is not advantageously situated to complain of the lower Court's acceptance of the unit price of the wedges as set out by the plaintiff's affidavit since he failed to file a counter affidavit or to avail himself of subsection (f) of Rule 56 intended to serve, and capable of serving, those in the position in which he deems himself. Board of Public Instruction v. Meredith, 5 Cir., 119 F.2d 712; U. S. v. Freeman, D.C. Mass., 37 F. Supp. 720; Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809.

The plaintiff, cross-appellant, complains of the entry of the summary judgment for the alternative and lesser amount on the ground that only the negligible salvage value should have been allowed as a deduction to the defendant, but we think that in the absence of a seasonable return, or an effort to so return, the bolts and wedges, the contention is without merit.

The judgment of the District Court is affirmed both as to the appeal and the cross-appeal.

Affirmed.