THE PEOPLE *ex rel.* Len Taylor *et al.*

*v.*

THE BOARD OF EDUCATION OF THE CITY OF CENTRALIA.

*Announced orally June 5, 1902.*

1. MANDAMUS—*constitutional provision for jurisdiction in mandamus construed.*   Section 2 of article 6 of the constitution, conferring original jurisdiction upon the Supreme Court in *mandamus* cases, only requires that court to take jurisdiction in such matters as pertain to the public interest, either on behalf of the State or some officer of the State, or in such cases of emergency as the court, exercising a sound legal discretion, deems proper to entertain.

2. SAME—*when Supreme Court will not take original jurisdiction in mandamus.*   Leave to file a petition in the Supreme Court for *mandamus* to compel respondent to admit the relator's children to certain schools will be denied as being a matter of local interest only.

ORIGINAL petition for *mandamus.*

BURKE VANCIL, for relators.

J. J. BUNDY, for respondent.

Mr. JUSTICE WILKIN announced the opinion of the court:

This is a motion on behalf of the People, on the relation of Len Taylor and Henry Ferguson, for leave to file a petition for a writ of *mandamus* against the president and members of the board of education of the city of Centralia.   The petition, in substance, is, that the board of education has discriminated against the children of

the relators on account of color, requiring them to attend schools in the city other than those attended by white children.

The practice heretofore has been, under section 2 of article 6 of the constitution, for this court to take original jurisdiction of such cases. But in the recent case of *People ex rel.* v. *City of Chicago,* 193 Ill. 507, we held that while this court had original jurisdiction in matters relating to the revenue, *mandamus* and *habeas corpus,* that provision should be construed as only requiring this court to take jurisdiction in such matters as pertain to the public interest, either on behalf of the State or some officer of the State, or in cases of such emergency as might justify the court in taking the case,—in other words, that this court is clothed with a sound legal discretion to determine in what particular cases it will take jurisdiction in *mandamus;* and under that rule, this being a mere local matter, affecting no public interest in the sense that is announced in that decision, we have declined to allow the petition to be filed.

The court has been more or less embarrassed by the fact that in original *mandamus* cases, where an issue of fact is made up, it becomes necessary to certify the case to some inferior court having the power to empanel a jury, in order that such issue of fact may be determined, and the case then sent back to us for final determination. By commencing the proceeding in the local courts, which have concurrent jurisdiction, a case may be brought to this court by appeal or writ of error, thus avoiding unnecessary delay and inconvenience to this court and the parties interested.

Without reference to the merits of the case as set forth in the petition, the motion for leave to file it will be denied. *Motion denied.*