(No. 22461.—

THE ELI BATES HOUSE *vs.* THE BOARD OF APPEALS OF
COOK COUNTY.

*Opinion filed December 20, 1934.*

SHAW, J., specially concurring.

WILSON & McILVAINE, (CLAY JUDSON, of counsel,) for
the Eli Bates House.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N.
BELL, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of
counsel,) for the Board of Appeals.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

The Eli Bates House, an Illinois corporation not for
profit, filed its complaint with the board of appeals of
Cook county. The basis of the complaint was that cer-
tain vacant ground which belonged to the corporation and

which was used as a public playground for children under sixteen years of age was exempt from taxation for the year 1931. The board denied the claim for exemption. The corporation appealed to the State Tax Commission, and the tax commission has certified the matter to this court and prays that the order of the board of appeals be approved and confirmed.

The case was brought here under section 35*e* of the Revenue act of 1898, as amended. Smith's Stat. 1933, p. 2422; Cahill's Stat. 1933, p. 2368.

Without reference to the merits of appellant's claim for exemption, the case turns upon the question of the jurisdiction of this court. Both sides admit that the decision in *Maxwell* v. *People*, 189 Ill. 546, settles the fact that when this court is asked to review the action of the board of appeals, or any other body of similar character, or the action of the State Tax Commission, this court is exercising its original rather than its appellate jurisdiction. In passing upon a similar section of the Revenue act of 1898 we said in the *Maxwell case:* "The remedy, therefore, prescribed by paragraph 4, so far as it is a purely judicial remedy, begins only upon the presentation of the case by the Auditor to the Supreme Court."

Although counsel for the board of appeals of Cook county admit that the case relates to the revenue, they insist that it is not proper for us to exercise our original jurisdiction because the case concerns only the exemption from taxation or the assessment of taxes upon real estate of a single tax-payer and no question of public importance or public interest is involved. They also insist that the legislature has no power to increase or to diminish or in anywise to control the original jurisdiction of this court. Counsel for appellant point out that we have decided other cases where the same objections might have been raised to the exercise of our original jurisdiction, and insist that since this case involves the revenue we should take jurisdiction.

This is not the first time that such a question has been raised concerning the exercise of our original jurisdiction. The point has not been raised before in connection with proceedings under section 35e of the Revenue act, but we have considered it in connection with petitions for the writ of *mandamus* where the propriety of the exercise of our original jurisdiction was at issue. In *People* v. *Board of Education,* 197 Ill. 43, we said: "But in the recent case of *People ex rel.* v. *City of Chicago,* 193 Ill. 507, we held that while this court had original jurisdiction in matters relating to the revenue, *mandamus* and *habeas corpus,* that provision should be construed as only requiring this court to take jurisdiction in such matters as pertain to the public interest, either on behalf of the State or some officer of the State, or in cases of such emergency as might justify the court in taking the case—in other words, that this court is clothed with a sound legal discretion to determine in what particular cases it will take jurisdiction in *mandamus;* and under that rule, this being a mere local matter, affecting no public interest in the sense that is announced in that decision, we have declined to allow the petition to be filed."

An extended review of the authorities is contained in *People* v. *City of Chicago,* 193 Ill. 507, and the contention of appellant that we have exercised our original jurisdiction in cases not coming within the rule and in which no public interest was involved is there answered. On page 513 we quoted as follows from the case of *Attorney General* v. *City of Eau Claire,* 37 Wis. 400: "We cannot but confess the criticism of counsel that many cases in this court, especially *quo warranto,* are inconsistent with the rule now declared, * * * but the jurisdiction in those cases passed *sub silentio,* without attempt by bench or bar to define it or to limit its exercise. We think it may be hoped in the future that there will be more care and accuracy by counsel and court." What was said in reference to original jurisdiction of this court in *mandamus* pro-

ceedings applies with equal force to original proceedings here involving the revenue. We derive our original jurisdiction from section 2 of article 6 of the constitution and from no act of the legislature. As we have pointed out, we have the duty to exercise a sound discretion as to whether we should take original cases. The legislature cannot compel the exercise of that discretion or enlarge or limit our original jurisdiction in cases involving the revenue, *mandamus* and *habeas corpus*. The intention of the framers of our constitution must be observed. We must remain primarily a reviewing court. To compel this court to receive and act upon every revenue case or petition for a writ of *mandamus* would defeat the constitutional aim that this should be a court of last resort. In *People* v. *City of Chicago*, 193 Ill. 507, at page 524, we said: "The principal jurisdiction of this court is appellate, and the exercise of its limited original jurisdiction should not be allowed, when there are other courts having the same original jurisdiction, to so crowd the docket and occupy the time of the court as to interfere with the performance of its appellate duties."

Appellant here could urge as an objection to an application for judgment and an order of sale in the county court the objection that its property comes within the provisions of paragraph 7 of section 2 of "An act for the assessment of property and for the levy and collection of taxes," in force July 1, 1872. (Cahill's Stat. 1933, p. 2303; Smith's Stat. 1933, p. 2354.) The remedy sought to be provided by section 35e of the Revenue act of 1898, if valid, would still be concurrent with other remedies available to a tax-payer. *Maxwell* v. *People*, 189 Ill. 546.

But appellant insists that the basis of the decisions in *People* v. *City of Chicago*, 193 Ill. 507, and *People* v. *Board of Education*, 197 id. 43, is the great inconvenience that would result from the lack of a jury in this court, and that questions of fact would have to be certified to and

determined by a local court which had a jury. It says that since no jury is required and the facts are certified to this court in cases arising under section 35*e*, therefore we should hear and determine such cases. While the inconvenience in procedure was there mentioned it was not the basis of those decisions. There the *ratione decidendi* was that no questions *publici juris* were involved, and since the parties had other remedies in another forum, with a right of review by a court of appellate jurisdiction, no injustice would result from our refusal to exercise our limited original jurisdiction.

Appellant's single concern in this litigation is whether its real estate used as a public playground should be exempted from taxation. This question is not of sufficient interest to the public generally to cause this court to exercise its original jurisdiction. No injustice need result if appellant is remitted to other existing remedies, with an ultimate right of review. If we are compelled to take and consider every case which comes within the subject matters embraced in the original jurisdiction of this court provided by the constitution, the result will be that encroachments will be made upon the time we must give to our appellate duties. There is no justification shown in the case before us for such interference with the primary object of the constitution with reference to this court.

The facts in this case present no situation which requires us to exercise the power of original jurisdiction. *People* v. *City of Chicago,* 193 Ill. 507.

*Cause dismissed.*

Mr. Justice Shaw, specially concurring: I concur in the result, only, for the reasons given in my special concurrence in *North Chicago Hebrew Congregation* v. *Board of Appeals,* (*ante,* p. 549.)