(No. 23218.—

C. E. ELKIN *et al.* Appellants, *vs.* THE DIVERSEY TRUST AND SAVINGS BANK *et al.* Appellees.

*Opinion filed April 17, 1936.*

AARON SOBLE, SHAFFER & FREEDMAN, and CHARLES H. KAPLAN, (WILLIAM FELDMAN, of counsel,) for appellants.

C. E. STENNING, and CHESTER D. KERN, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On June 13, 1931, the appellant C. E. Elkin, on behalf of himself and all other creditors of the Diversey Trust and Savings Bank, an Illinois banking corporation, filed a bill in equity to enforce the constitutional liability of the stockholders in that bank. He alleged in the bill that before the commencement of business on June 13, 1931, the Auditor of Public Accounts of the State of Illinois made an examination of the bank to determine its financial condition and to ascertain whether it was being conducted in an illegal, fraudulent and unsafe manner; that as a result, the Auditor closed the bank and took control of its property and affairs and prohibited the further carrying on by it of the business for which it was organized. He also alleged that numerous creditors of the bank were threatening and intended to institute suits at law against its stockholders to recover from them, severally, the amounts due such creditors. The bill prayed that the court ascertain who were the bank's creditors, the amounts due each of them, when their respective claims accrued, the total amount of unsatisfied liabilities of the bank, who were the stockholders at the times the various liabilities accrued, and the extent of the liabilities of the various stockholders under section 6, article 11 of our constitution. It asked that a receiver be appointed to receive and disburse, under the court's direction, the amounts collected from the stockholders, and that all other suits at law and in equity against stockholders be enjoined.

Pursuant to leave granted an amended and supplemental bill was filed on September 1, 1931. It alleged, among other

things, that the bank was indebted to various creditors in excess of $700,000; that after an examination, the Auditor of Public Accounts had closed the bank, and had, on July 22, 1931, appointed Glen C. Hodges receiver, and that this appointment was confirmed by the superior court of Cook county on July 30, 1931. This bill set forth the names of the stockholders, the number of their shares and the periods of ownership from the organization of the bank up to and including June 13, 1931. The purpose of the amended and supplemental bill was, like that of the original bill, to determine the liabilities of the bank, who were its creditors, the stockholders of the bank, the number of shares owned and periods of ownership, and the consequent liability of the respective stockholders under section 6, article 11 of our constitution. It alleged that the bank was indebted to the appellant Elkin, on June 12, 1931, in the amount of $2931; that this indebtedness accrued to him, from time to time, while the persons named as stockholders in the amended and supplemental bill were stockholders in the bank. It alleged that other creditors threatened to sue individual stockholders and that, if permitted to do so, they would thereby obtain an unfair advantage over said appellant and other creditors of the bank. The prayer for relief is similar to that contained in the original bill.

On October 24, 1931, the appellees filed their joint and several, general and special démurrer to the amended and supplemental bill of complaint. The grounds of demurrer were that the amended and supplemental bill was multifarious; that complainants, and each of them, had an adequate remedy at law; that the indebtedness to the appellant Elkin did not accrue while some of the persons named as·such were stockholders in the bank, and that the bank and its receiver were improperly joined as parties defendant.

On July 10, 1935, the superior court of Cook county sustained the demurrer, and dismissed the original and amended and supplemental bills of complaint for want of

equity. The chancellor certified that the validity of section 11 of the Banking act, and the construction of section 6, article 11 of the constitution of 1870 were involved, and this appeal followed.

The appellees insist the original bill was prematurely filed. They say that section 11 of the Banking act, as amended in 1929, (Laws of 1929, p. 182) restricted the filing of a representative suit by a creditor of a State bank to the time, facts and circumstances described in that section, and that the subject matter of the amendment is purely procedural and, for that reason, a proper matter for legislative action.

Section 11 of the Banking act, as amended, reads, in part, as follows:

"When any banking association, organized under this act shall have gone into liquidation under the provisions of this section of the act, the individual liability of the shareholders provided for by section six (6) of this act may be enforced by any creditor of such association, by bill in equity, in the nature of a creditor's bill, brought by such creditor on behalf of himself and all other creditors of the association against the shareholders thereof, in any court having jurisdiction in equity for the county in which such bank or banking association may have been located or established."

It is the contention of the appellant that if the section, as amended, were construed to restrict the filing of such a bill as that filed by him to the time when the facts and circumstances mentioned in the language quoted are ascertained and found to exist, the section would contravene section 6, article 11 of the constitution of 1870. He relies upon our holding in *Golden* v. *Cervenka*, 278 Ill. 409, to support his contention.

It is not necessary to pass upon the contention that the amended section is repugnant to section 6, article 11 of our constitution. It is well settled that where a statute

gives a new remedy and contains no negative, express or implied, of the remedy which existed theretofore, the new remedy thus created is cumulative and not exclusive and that a party may elect between the two. *Eli Bates House* v. *Board of Appeals,* 358 Ill. 596, 599; *People* v. *Prather,* 322 id. 280, 284; *People* v. *City of Toulon,* 300 id. 408, 412; *Maxwell* v. *People,* 189 id. 546, 556; *Mackin* v. *Haven,* 187 id. 480, 494; *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 id. 141, 160; 1 Corpus Juris, 988.

The language of section 11 of the Banking act is permissive, and does not purport to prohibit those remedies which previously existed. The right of a creditor of a bank to file such a representative suit is well established (*Heine* v. *Degen,* 362 Ill. 357; *Golden* v. *Cervenka, supra;*) and no objection is perceived to the filing of an amended and supplemental bill, as was done in the case here, when the Auditor of Public Accounts determines that the bank must be liquidated and its affairs wound up, and when he appoints a liquidating receiver subsequent to the filing of the creditor's representative suit. In *Richmond* v. *Irons,* 121 U. S. 27, 30 L. ed. 864, James Irons filed the original bill in 1875 and on October 5, 1876, he filed his amended bill. In the meantime, on June 30, 1876, Congress had adopted the amendment which supplied the omission in the original National Banking act of 1864 to provide similar remedies, in cases of voluntary liquidation, to those specified in cases of involuntary liquidation. (U. S. C. A., Title 12, Banks and Banking, sec. 65.) This amendment is the source of the amendment of 1929 to section 11 of our Banking act, and the language of the two amendments is almost identical. In the *Richmond case* the United States Supreme Court approved the trial court's action in permitting Irons to amend his bill so as to bring it within the terms of the amendment, which was adopted after Irons had filed his suit. If, as appellees contend, section 11 of the Banking

act of our State provides an exclusive remedy, and the bill filed by Elkin was prematurely brought, it would have stated no cause of action and could not have been amended and supplemented, but as we have already indicated, the only effect of the amendment of 1929 to section 11 was to give a cumulative, rather than an exclusive, remedy.

Appellees say that the chancellor properly sustained the general and special demurrer because they say the amended and supplemental bill was multifarious in that Hodges, the receiver, and the Diversey Trust and Savings Bank, were improperly joined as defendants. They rely upon our holding in *Golden* v. *Cervenka, supra,* where we determined that the bill was multifarious, and that the Central Trust Company was improperly joined as a defendant, because the issue between the receiver and the Central Trust Company, and that between the creditors of the LaSalle Street Bank and its stockholders, were distinct. In the case before us there is no such separate and distinct issue, and while it was not necessary to make the receiver, Hodges, or the bank, a defendant, the fact that they were so joined does not make the amended and supplemental bill multifarious. There is no prejudice to appellees in their joinder as defendants. It was error to sustain the demurrer on the ground of multifariousness.

We have examined the many objections urged against the bill and amended and supplemental bill by the appellees. They are without merit and need not be considered in detail.

The decree of the superior court of Cook county is reversed and the cause remanded with directions to that court to overrule the demurrer of appellees to the amended and supplemental bill of complaint, and that the defendants be ordered and directed to plead to, or answer, such amended and supplemental bill.

*Reversed and remanded, with directions.*