(No. 26636.—

FRANK KOSICKI *et al.*, Appellees, *vs.* S. A. HEALY COM-
PANY, Appellant.

*Opinion filed September 25, 1942.*

ROSEN, FRANCIS & CLEVELAND, and HEALY & REID,
(JOHN F. ROSEN, RALPH ROSEN, and JAMES B. O'SHAUGH-
NESSY, of counsel,) for appellant.

JOSEPH F. ELWARD, for appellees.

ERNEST BUEHLER, LOUIS I. FISHER, and RICHARD R.
MLADIC, for the Sanitary District of Chicago, *amicus
curiae*.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Frank and Julia Kosicki, brought an action in the municipal court of Chicago against the defendant, S. A. Healy Company, to recover damages to their residence alleged to have been caused on or about May 1, 1937, by defendant's negligent use of explosives while excavating incident to the construction of a sewer and intercepting tunnel for the Sanitary District of Chicago. By its second amended statement of defense, defendant averred the construction of the intercepting tunnel and sewer, a legally authorized project, under a contract with the Sanitary District of Chicago; that defendant engaged in no work not contemplated or provided for by the contract; that section 19 of the statute creating the Sanitary District of Chicago furnished redress for property owners who claimed damages arising from the construction of a legally authorized drain, sewer or other improvement by the sanitary district, and that the remedy provided by the statute, being complete and adequate, was exclusive. Plaintiffs' motion to strike defendant's second amended statement of defense was sustained, defendant elected to abide by its pleading, and an order of default was entered against it. Defendant's objection to the introduction of testimony on the question of damages was overruled, evidence was heard, the court found that plaintiffs had sustained damages in the sum of $500, and judgment was entered for this amount, and costs. Upon appeal, the Appellate Court for the First District affirmed the judgment. The Appellate Court has granted a certificate of importance, and the record is before us for a further review.

Section 19 of the Sanitary District Act (Ill. Rev. Stat. 1941, chap. 42, par. 339, p. 1328) provides: "Every sanitary district shall be liable for all damages to real estate within or without such district which shall be overflowed or otherwise damaged by reason of the construction, enlargement or use of any channel, ditch, drain, outlet or

other improvement under the provisions of this act; and actions to recover such damages may be brought in the county where such real estate is situated, or in the county where such sanitary district is located, at the option of the party claiming to be injured. And in case judgment is rendered against such district for damage, the plaintiff shall also recover his reasonable attorneys' fees to be taxed as costs of suit: Provided, however, it shall appear on the hearing of plaintiff's motion to tax such attorneys fees, that the plaintiff notified the trustees of such district, in writing, at least 60 days before suit was commenced by leaving a copy of such notice with some one of the trustees of such district, stating that he claims damages to the amount of ...... dollars by reason of (here insert the cause of damage) and intends to sue for the same: And, provided further, that the amount recovered shall be larger than the amount offered by said trustees (if anything) as a compromise for damages sustained."

From a reading of the statutory provision (section 19) it appears that the legislature had in mind largely the purpose of creating a venue, thus affording litigants the right to bring their action in counties where the damaged real estate is situated as well as in the county where such sanitary district is located. It also contains a provision for the recovery of plaintiffs' attorneys' fees upon proper notice in conformity with the provisions of this section of the statute, in the event judgment is rendered against the district for an amount larger than the settlement offered by the district. Plaintiffs contend, however, that section 19 does not establish an exclusive remedy, but merely a cumulative one, and that an owner of property damaged has his choice of proceeding against the sanitary district under the statute or against the contractor on a claim of common law negligence, and, in particular, that an independent contractor doing construction work for a municipal corporation has a common law liability to persons whose real estate is

damaged by the negligent manner in which the contractor performs the work. Their position is that they have a remedy wholly independent of any statute, resting upon the duty of defendant to use due care in the use of explosives near their property.

To clarify the issues, defendant concedes that at common law a contractor was liable for his acts of negligence; that the defendant here negligently exploded dynamite in constructing the improvement for the sanitary district; and that damage to plaintiffs' property resulted therefrom. Defendant also admits that a new remedy created by a statute containing no negative provisions constitutes a cumulative and not an exclusive remedy, but insists that the negative provision may be either express or implied and that even though there are no actual words of negation in section 19, the exclusiveness of the new remedy may appear by implication, and the intention of the legislature in passing the remedial statute may be gathered from the type of remedy so provided. The precise question thus presented for determination is whether section 19 constitutes the exclusive remedy available to plaintiffs for their damages sustained from the admitted negligent use of explosives by defendant, a contractor doing work for the Sanitary District of Chicago, or, on the other hand, whether the statutory remedy is merely cumulative and additional to plaintiffs' right to bring suit against the contractor direct on its common-law liability. Defendant admits that but for the enactment of section 19 it, as an independent contractor, would be liable to plaintiffs for damages to their home resulting from the negligent use of explosives, notwithstanding its engagement in constructing a legally authorized drainage project on behalf of the municipality. Its claimed immunity is based on the completeness, adequacy and exclusiveness of the remedy afforded by section 19 insofar as claims against the sanitary district are concerned. Defendant argues, accordingly, that, by implication, the right

formerly existing in owners of property damaged by the negligent use of explosives to sue a contractor working for a municipality is abolished, and that the exclusiveness of the remedy by section 19 is extended to such contractor. To render consistent the theory of defendant that section 19 is the exclusive remedy available to property owners sustaining damages under the circumstances of this case it must be possible to fairly construe section 19 as impliedly abrogating the liability admittedly existing against independent contractors prior to its enactment.

Where a statute creates a new right or imposes a new duty or liability, unknown to the common law, and at the same time gives a remedy for its enforcement, the remedy so prescribed is exclusive. Conversely, if no remedy is prescribed the right or liability may be enforced by the appropriate remedy already provided. Where, however, a new remedy is given by statute, and there are no negative words or other provisions rendering it exclusive, it will be deemed to be cumulative only and not to take away prior remedies. (2 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 720.) Defendant claims that the enactment of the Sanitary District act, in 1889, created a new liability, unknown to the common law, and that the new remedy granted was exclusive of all others. Although this statute may have created a new liability on the part of the sanitary district and prescribed a remedy therefor, it plainly did not create any new liability on the part of a prospective independent contractor with the district. Consequently, since the statute does not expressly or impliedly negative the existing liability of such a contractor, the remedy provided is cumulative and not exclusive and merely entitles a property owner who has suffered injury to sue the sanitary district in addition to his right to sue the contractor. (1 C.J.S., Actions, sec. 6(c); *Elkin v. Diversey Trust and Savings Bank*, 363 Ill. 160; *Chicago and Northwestern Railway Co. v. City of Chicago,* 148 id. 141.) Even if it be con-

ceded that a municipal corporation may only be subjected to liability by following the remedy prescribed by the statute which creates the liability, this concession does not justify a corollary that an independent contractor, whose negligence has caused damage to real estate, is immune from civil liability for the results of such negligence. Every case during the period following the enactment of the Sanitary District act in which a contractor for the district has been held liable for negligence has been decided upon the theory that a contractor's common-law liability for negligence still continues. (*Macer* v. *O'Brien*, 356 Ill. 486; *Baker* v. *Healy Co.* 302 Ill. App. 634; *Zuidema* v. *Sanitary District & Green & Sons*, 223 id. 138.) The statute gives the property owner no new remedy as against the contractor, but does afford the property owner a remedy as against a third party, namely, the Sanitary District of Chicago. Had it been the intention of the legislature to exempt from the results of their negligence contractors engaged in work for a municipality, by limiting the right of the property owner who has suffered damage, appropriate language to accomplish this end would undoubtedly have been employed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*