## William Barrett, Receiver, Appellant, v. Josephine M. Daly et al., Appellees.

### Gen. No. 42,355.

Opinion filed May 10, 1943.

JAMES J. DANAHER and FRISCH & DE HAAN, all of Chicago, for appellant; GEORGE J. FOX, of Chicago, of counsel.

WARD, RABOLD & MABREY, of Chicago, for appellees.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In an action brought by Augusta Walsh to enforce the constitutional and statutory liability of Josephine, Matthew and George Daly as stockholders of the Chatfield Trust & Savings Bank, an Illinois banking corporation, Barrett was appointed receiver and recovered judgment severally against the above named stockholders for $500, $1,000 and $1,500, respectively, on the 19th day of December, 1935. Execution issued on each judgment and was returned *nulla bona.*

January 2, 1942, plaintiff filed his complaint (a creditor's bill) under section 49 of the Chancery Act (Ill. Rev. Stat. 1941, ch. 22, p. 267 [Jones Ill. Stats. Ann. 106.12]). The complaint alleged a fraudulent conveyance of assets by the judgment debtors to a third party, prayed an injunction against further transfers,

discovery and general relief,. etc. In fact, the complaint was in the usual form of creditor's bill, well known to the profession. Defendants made a motion to dismiss under section 45 of the Civil Practice Act (Smith-Hurd's Ann. Stats., par. 169, p. 287 [Jones Ill. Stats. Ann. 104.045]). The motion was allowed, the suit dismissed and plaintiff appeals.

The motion made was based on section 23 of the Civil Practice Act (Smith-Hurd's Ann. Stats., par. 147, p. 102 [Jones Ill. Stats. Ann. 104.023]) and section 73 of the same act (par. 197, p. 236 [supp.] [Jones Ill. Stats. Ann. 104.073]) as amended, Laws of 1941, vol. 2, p. 464, § (2), and Rules of the Supreme Court made pursuant thereto. Section 73, as amended, does not purport to repeal or supersede section 49 of the Chancery Act. On the contrary, section 1 of the amended act provides that the act "shall not be deemed to effect the enforcement of judgments or decree or proceedings supplementary thereto, by any methods now or hereafter provided by law." Section 94 of the Civil Practice Act (Ill. Rev. Stat. 1941, par. 218, p. 2433 [Jones Ill. Stats. Ann. 104.094]) enumerates the various statutes which that act repeals. Section 49 of the Chancery Act is not included in the enumeration. Section 49 was re-enacted in its present form in the act approved June 27, 1935 (see Laws of 1935, p. 248). This was subsequent to the date on which the Civil Practice Act became effective, which was January 1, 1934 (Ill. Rev. Stat., par. 263 [Jones Ill. Stats. Ann. 104.098]).

Proceedings in favor of judgment creditors similar to that provided for in section 49 of the Chancery Act were sustained in this State even prior to the enactment of that section. *Weightman v. Hatch,* 17 Ill. 281, decided at the December Term of the Supreme Court, 1855. Defendants misinterpret, we think, the purpose of the amendment to section 73. It was not to create an exclusive but rather additional remedies. In the

recent case of *Elkin v. Diversey Trust & Savings Bank*, 363 Ill. 160, 163, the Supreme Court said:

"It is well settled that where a statute gives a new remedy and contains no negative, express or implied, of the remedy which existed theretofore, the new remedy thus created is cumulative and not exclusive and that a party may elect between the two."

Much more is this true where, as here, the new act contains a positive provision negativing any intention to repeal, modify or restrict the existing statute. Defendants say, however, that the reason for the ruling of the court was that a multiplicity of suits might be prevented. In what way is not stated. If the proceeding had been begun in the original suit, it would have been necessary to have a summons issued against Frank J. Daly and make him a party. This, in effect, would have been, at least so far as he was concerned, the beginning of a new suit. We hold the plaintiff had a right to elect whether he would proceed by the new method provided for by the amendment or under the old which had been so long established. By either method there would be one new suit. There is no question here of any multiplicity of suits within the meaning of the equitable maxim. See Historical and Practice Notes, Smith-Hurd's Ann. Stats., ch. 110, § 73, pages 236, 237 (supp.) [Jones Ill. Stats. Ann. 104.073].

The decree will be reversed and the cause remanded with directions to set aside the order of dismissal and to enter an order directing defendants to answer the complaint.

*Reversed and remanded with directions.*

O'Connor and McSurely, JJ., concur.