Marie **ZAKARIAN, et al., Plaintiffs,**

v.

The **PRUDENTIAL INSURANCE CO. OF AMERICA, et al., Defendants.**

No. 84 C 91.

United States District Court, N.D. Illinois, E.D.

May 23, 1984.

Kasdin & Nathanson, Chicago, Ill., for plaintiffs.

Joseph J. Hasman, James B. Davidson, Peterson, Ross, Schloer & Seidel, Chicago, Ill., for Prudential Ins. Co. of America.

Jane H. Veldman, Lord, Bissell & Brook, Chicago, Ill., for Massachusetts Indem. and Life Ins. Co.

## MEMORANDUM OPINION

GRADY, District Judge.

This action is before the court on defendants' motion to dismiss certain counts of plaintiffs' complaint, pursuant to Fed.R. Civ.P. 12(b)(6). The basic allegation of each of the disputed counts is that the defendant insurers ("the insurers") breached their duty to deal fairly and in good faith with plaintiffs, thereby causing plaintiffs emotional and physical injury. Plaintiffs seek both compensatory and punitive damages.

## FACTS

In ruling on motions to dismiss, we accept as true the allegations of the complaint. *Parr v. Great Lakes Express Company*, 484 F.2d 767, 769–70 (7th Cir.1973). Plaintiffs allege that they were the beneficiaries of certain insurance policies written on the life of their decedent, Zare Zakarian ("Mr. Zakarian").[1] After Mr. Zakarian died, plaintiffs asserted claims against the insurers under the policies. When the insurers refused to pay the claims,[2] plaintiffs brought this action for breach of contract and in tort.

## DISCUSSION

Defendants argue that those counts of the complaint seeking compensatory and punitive damages for the alleged breach of an implied covenant of good faith, and for wrongful, vexatious and unreasonable actions, are preempted by Section 155 of the Illinois Insurance Code, Ill.Rev.Stat. ch. 73, ¶ 767.[3] Section 155 permits certain extraordinary costs to be taxed against an

1. One plaintiff is the decedent's mother, the other is his sister.

2. In their answers, the insurers set forth as an affirmative defense that Mr. Zakarian committed suicide. Their contention, therefore, is that they need not pay benefits under the terms of the policies.

3. Ill.Rev.Stat. ch. 73, ¶ 767, provides:
   **767. Attorney fees**
   § 155. Attorney fees. In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
   (a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
   (b) $5,000;
   (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.
   (2) Where there are several policies insuring the same insured against the same loss whether issued by the same or by different companies, the court may fix the amount of the allowance so that the total attorney fees on account of one loss shall not be increased by reason of the fact that the insured brings separate suits on such policies.

insurer that vexatiously or unreasonably refused to pay a claim.

The Illinois Supreme Court has not yet addressed the issue of the preemptive effect, *vel non*, of Section 155. There is a split in the state appellate courts and indeed in this district over this question. Judge Marshall, for example, has held that if confronted with this issue, the Illinois Supreme Court would rule that Section 155 has no preemptive effect. *Roberts v. Western-Southern Life Ins. Co.*, 568 F.Supp. 536 (N.D.Ill.1983); *Kelly v. Stratton*, 552 F.Supp. 641 (N.D.Ill.1982). Judge Aspen, on the other hand, believes that the Illinois Supreme Court would decide that Section 155 precludes all extracontractual common law actions, including both claims for compensatory and punitive damages. *Aabye v. Security-Connecticut Life Ins. Co.*, 586 F.Supp. 5, 8 (N.D.Ill.1984) (Aspen, J.); *Strader v. Union Hall, Inc.*, 486 F.Supp. 159 (N.D.Ill.1980). Although Judge Shadur believes that the duty of a district judge is to apply the law prevailing in the state appellate district in which the federal court sits, rather than to attempt to predict what the state supreme court would do if presented with the question, he believes that the controlling precedent supports Judge Aspen's position, i.e., punitive damage claims have been preempted. *Abbott Laboratories v. Granite State Ins. Co.*, 573 F.Supp. 193 (N.D.Ill.1983). Finally, in a more recent decision, Judge Moran takes a middle road, ruling that while Section 155 preempts claims for punitive damages, it does not bar suits for compensatory damages. *Barr Co. v. Safeco Ins. Co. of America*, 583 F.Supp. 248 (N.D.Ill.1984) (Moran, J.).

On the three occasions that we have interpreted the state law, we have held that when the Illinois legislature enacted Section 155 it preempted the field, foreclosing common law actions seeking compensatory and punitive damages for breach of the duty of good faith and fair dealing. *Tramm Investment Corp. v. Great Southwest Insurance Company, et al.*, No. 81 C.

1851 (N.D.Ill. Feb. 15, 1983) (Grady, J.); *Bank of Naperville v. Merrimack Mutual Fire Insurance Company*, No. 81 C 774 (N.D.Ill. Oct. 28, 1982) (Grady, J.); *Hyler v. Prudential Insurance Company of America, et al.*, No. 79 C 2507 (N.D.Ill. Aug. 3, 1982) (Grady, J.).

Although there is state decisional authority supporting each of the variant positions, we adhere to our prior rulings and hold that if faced with this question, the Illinois Supreme Court would decide that both compensatory and punitive damage actions are preempted by the Illinois Insurance Code. We note additionally that the Illinois Appellate Court, First Division, recently held that Section 155 preempts both punitive and compensatory damage actions. *Kinney v. St. Paul Mercury Ins. Co.*, 120 Ill.App.3d 294, 75 Ill.Dec. 911, 458 N.E.2d 79 (1st Dist.1983).

Thus, the Illinois Insurance Code provides the sole remedy for Illinois plaintiffs claiming denial of benefits under insurance policies due to the vexatious and unreasonable conduct of an insurer; no independent tort action exists.[4]

Accordingly, we grant defendants' motion to dismiss Counts II, IV and VIII of the complaint.

---

**4.** Nothing in this opinion should be read to affect the validity of plaintiffs' claims for inten-

tional infliction of emotional distress.