ROBERT KANIUK *et al.*, Plaintiffs-Appellants, v. SAFECO INSURANCE COMPANY OF ILLINOIS, Defendant-Appellee.

First District (3rd Division) No. 85—396

Opinion filed April 23, 1986.

Randall L. Berman, of Chicago, and Brian Mattis, of Carbondale, for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Richard A. Buchanan, and Lisa Marco Kouba, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiffs Robert Kaniuk and Joseph Fisher sued defendant Safeco Insurance Company of Illinois (Safeco), alleging that Safeco refused to pay a valid claim on a policy of fire insurance. In count I of their complaint, plaintiffs sought a declaratory judgment that they had complied with the terms of the policy; in count II they sought contract damages and attorney fees; and in count III they sought exemplary damages of one million dollars for Safeco's bad-faith conduct. Safeco moved to dismiss count III with prejudice on the grounds that section 155 of the Illinois Insurance Code preempted the cause of action. (Ill. Rev. Stat. 1983, ch. 73, par. 767.) The trial court granted the motion and plaintiffs appeal. Counts I and II are not before this court.

According to section 155 of the Insurance Code:

"In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insur-

ance ***, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $5,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action." (Ill. Rev. Stat. 1983, ch. 73, par. 767.)

Illinois courts have held that this section precludes the insured from claiming punitive damages beyond those provided by this section for an insurer's vexatious and unreasonable refusal to pay a claim. *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 458 N.E.2d 79; *Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 634-35, 407 N.E.2d 156; *Tobolt v. Allstate Insurance Co.* (1979), 75 Ill. App. 3d 57, 70, 393 N.E.2d 1171.

Plaintiffs contend that we should not follow the authorities cited above because in those cases, the courts did not apply the proper rule of statutory construction, stated in *Kosicki v. S. A. Healy Co.* (1942), 380 Ill. 298, 302, 44 N.E.2d 27:

"Where *** a new remedy is given by statute, and there are no negative words or other provisions rendering it exclusive, it will be deemed to be cumulative only and not to take away prior remedies."

Plaintiffs maintain that this rule is applicable because the "prior remedy" of punitive damages for bad-faith refusal to pay an insurance claim was available at common law and the statute does not contain words which render it exclusive. Defendant responds first that there was no such remedy at common law.

The version of section 155 at issue in this case was enacted in 1977. In 1975, the Illinois Appellate Court for the Fifth District held that there was a cause of action in tort for an insurer's bad-faith refusal to pay a valid claim, and that punitive damages could be recovered for such conduct. (*Ledingham v. Blue Cross Plan for Hospital Care of Hospital Service Corp.* (1975), 29 Ill. App. 3d 339, 350-51, 330 N.E.2d 540, *rev'd on other grounds* (1976), 64 Ill. 2d 338, 356 N.E.2d 75.) That court did not consider the possible preclusive effect of the

version of section 155 then in effect. We are aware of no other case prior to 1977 in which an Illinois court addressed the issue of whether an insured could recover punitive damages in excess of those allowed under section 155.

After the statute was revised in 1977, several Illinois courts considered the preclusive effect of the original statute which was in effect in 1975. The third district appellate court held that the original statute precluded recovery of punitive damages at common law for an insurer's vexatious refusal to pay (*Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 116, 371 N.E.2d 373), but the fourth district subsequently held that the earlier statute did *not* preclude such recovery. (*Lynch v. Mid-America Fire & Marine Insurance Co.* (1981), 94 Ill. App. 3d 21, 25-26, 418 N.E.2d 421.) However, when the 1977 amendment was enacted, *Ledingham* was the only case which had addressed the issue, so for purposes of construing the legislature's intent, that case stated the common law. Thus, in interpreting the statute, we assume that there was a "prior remedy" in the form of a cause of action for punitive damages for an insurer's bad faith refusal to pay a claim.

However, even under the principles stated in *Kosicki*, the 1977 amendment precludes recovery because it contains "negative words or other provisions rendering it exclusive" (*Kosicki v. S. A. Healy Co.* (1942), 380 Ill. 298, 302, 44 N.E.2d 27). Under the 1977 amendment, plaintiff may recover an amount "not to exceed" $5,000 for vexatious and unreasonable conduct. That amount is allowed in addition to reasonable attorney fees and other costs, so it must be construed as punitive damages. This court has previously held that the 1977 amendment preempted a common law action for punitive damages, and it stated: "[W]e find expressly that this section of the Insurance Code is not ambiguous ***." (*Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 299, 458 N.E.2d 79.) We agree, and accordingly, we follow the line of the Illinois cases which have held that section 155 of the Insurance Code precludes a common law action for punitive damages for an insurer's bad faith refusal to pay a claim. *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 458 N.E.2d 79; *Hoffman v. Allstate Insurance Co.* (1979), 85 Ill. App. 3d 631, 407 N.E.2d 156; *Tobolt v. Allstate Insurance Co.* (1979), 75 Ill. App. 3d 57, 393 N.E.2d 1171.

■ Plaintiffs contend that under this interpretation, section 155 constitutes special legislation in violation of article IV, section 13 of the Illinois Constitution of 1970, and it deprives plaintiffs of their right to trial by jury, guaranteed by article I, section 13 of the Illinois

Constitution. We disagree.

Article IV, section 13, of the Illinois Constitution states:

> "The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination." Ill. Const. 1970, art. IV, sec. 13.

Our supreme court has recently restated the standards for determining whether legislation violates this provision.

> "A special law confers 'some special right, privilege or immunity or impose[s] some particular burden upon some portion of the people of the State less than all.' ***
>
> *** The legislature cannot create a class through the medium of an arbitrary statutory declaration in order that the class may be the recipient of special and exclusive legislative favors. [Citation.] To render a statutory classification valid, the classification must be based upon a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests. [Citations.]
>
> In considering the special-legislation proscription of our constitution, in addition to a reasonable basis for the classification, the classification must also bear a rational and proper relation to the evil to be remedied and the purpose to be attained by the legislation. [Citations.] Thus, there is a two-prong test.
>
> The burden of demonstrating the unreasonableness or arbitrariness of a classification lies with the person attacking its validity. [Citation.] Reasonable doubts must be resolved in favor of upholding the validity of legislation establishing a classification. [Citations.]" *In re Belmont Fire Protection District* (1986), 111 Ill. 2d 373, 379-80, 489 N.E.2d 1385, quoting *People v. Wilcox* (1908), 237 Ill. 421, 424, 86 N.E. 672.

There is special public interest in regulation and control of for-profit insurers, and thus there is a reasonable basis for classifying for-profit insurers separately from other businesses. (*People ex rel. Barber v. Hargreaves* (1940), 303 Ill. App. 387, 394, 25 N.E.2d 416.) The 1977 amendment addresses two legislative objectives: (1) it allows plaintiffs to recover punitive damages from for-profit insurers, in addition to attorney fees, without proving any right to compensatory damages (see *Roberts v. Western-Southern Life Insurance Co.* (N.D. Ill. 1983), 568 F. Supp. 536, 551), and (2) it places a ceiling of $5,000 on such damages. Prior to 1977 for-profit insurers were subject to an extensive scheme of regulation which included provisions for punishment of insurers for bad faith failure to pay claims and for related

misconduct. (Ill. Rev. Stat. 1975, ch. 73, pars. 766.1, 766.2, 766.3, 766.4, 1013, 1013.1 and 1015A.) Thus, the 1977 amendment apparently was designed to discourage further insurer misconduct by allowing punitive damages in a wide range of cases, while limiting the amount of any individual punitive damage award in order to prevent punitive damage awards from undermining the financial integrity of insurers. We cannot say that plaintiffs have met their burden of showing that the classification of for-profit insurers is not reasonably related to the purposes of this amendment to the extensive scheme of legislative regulation of for-profit insurers.

■ Next, plaintiffs contend that section 155 deprives them of their right to trial by jury to determine the proper amount of punitive damages. Under section 155, the court alone is to determine the proper measure of punitive damages, within the given limits. (Ill. Rev. Stat. 1983, ch. 73, par. 767.) However, plaintiffs incorrectly assume that they have a right to a jury trial for determination of punitive damages. "Where punitive damages may be assessed, they are allowed in the nature of punishment and as a warning and example to deter the defendant and others from committing like offenses in the future." (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 186, 384 N.E.2d 353.) The State has the right to the assessment of all punishments, including punitive damages; to plaintiffs, punitive damages constitute a windfall. (*Mattyasovsky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 36, 330 N.E.2d 509.) Therefore, plaintiffs cannot complain of any deprivation of their rights when punitive damages are assessed by a court. We find that the provision of section 155 which requires the court, not the jury, to assess punitive damages, does not violate article I, section 13 of the Illinois Constitution of 1970.

■ Finally, plaintiffs contend that we should construe count III of their complaint as stating a cause of action for extracontractual compensatory damages. They maintain that section 155 does not preclude assessment of compensatory damages for an insurer's bad faith failure to pay a claim, and they argue that if section 155 does preclude such damages, it is unconstitutional. However, we find that we need not address the issues of statutory construction and constitutionality because plaintiffs have not stated a cause of action for extracontractual compensatory damages in count III of their complaint. In relevant part, count III is stated as follows:

COUNT III — PUNITIVE DAMAGES
\*\*\*

7. \*\*\* [T]he Defendant by and through their [*sic*] agents and attorneys have embarked on a course of conduct suggesting

and implying the Plaintiffs caused their said dwelling to burn deliberately ***.

8. *** [T]he Defendant regularly employs this artifice to either defeat or reduce legitimate claims and *** this scheme has been previously perpetrated on many policyholders whose dwellings have been damaged or destroyed by fire.

9. *** [T]he Defendant has employed the same illegal scheme in dealing with these Plaintiffs in their loss in a willfull [*sic*] and wanton manner.

10. *** [T]he Defendant willfully violated Illinois Revised Statutes chapter 73, Section 766.5 and Section 766.6 a,b-,c,e,i,m,n, & p.

11. *** [T]he award of exemplary damages is justified under the circumstances as set forth in this complaint.

WHEREFORE the Plaintiffs demand exemplary damages and a malice judgment against the Defendant in a sum no less than ONE MILLION DOLLARS ($1,000,000.00) or such greater sum in accordance with the net worth of the Defendant to both punish and act as a deterrent against this Defendant in future claims such as stated herein and as a warning to others not to engage in similar tactics.

Plaintiffs have failed to request any damages which might be construed as compensatory damages. Plaintiffs have also failed to plead facts which show their entitlement to compensatory damages. We affirm the trial court order dismissing count III of the complaint because plaintiffs seek only common law punitive damages in count III, and the common law action for punitive damages has been preempted by section 155 of the Insurance Code. Ill. Rev. Stat. 1983, ch. 73, par. 767.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.