**BARR CO., an Illinois corporation, formerly known as Barr–Saunders, Inc., Plaintiff,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, Defendant.**

No. 83 C 2711.

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1989.

---

**4.** Diversity is lacking.

Edward J. Burke, Cornelius F. Riordan, Burke & Smith, Chicago, Ill., for plaintiff.

Richard S. Wisner, T. Scott Leo, Scott O. Reed, Pretzel & Stouffer, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Once again we revisit plaintiff's claim that its insurer committed the torts of willful and wanton misconduct (count II) and breach of the covenant of good faith and fair dealing (count IV), and also violated the Illinois Consumer Fraud and Deceptive Trade Practices Act ("Deceptive Trade Practices Act") (count III), when it alleg-

edly unreasonably delayed payment on an insurance claim.[1] In a previous memorandum and order in this case, *Barr Co. v. Safeco Insurance Co. of America,* 583 F.Supp. 248 (N.D.Ill.1984), we predicted that the Illinois Supreme Court would find Section 155 of the Illinois Insurance Code, Ill.Rev.Stat. ch. 73, § 767, preemptive of punitive but not compensatory tort damages. In that opinion, and in an unpublished memorandum and order issued January 11, 1985, we held that neither compensatory nor punitive damages under the Deceptive Trade Practices Act were preempted by section 155. Defendant now moves for reconsideration of those holdings in light of the recent Seventh Circuit decision in *Kush v. American States Insurance Co.,* 853 F.2d 1380 (7th Cir.1988). We grant defendant's motion in part, dismissing counts II and IV, and deny it with respect to count III.

 Our earlier decision on this case's preemption issues was based on the Illinois Supreme Court doctrine that courts should not implement or expand by judicial decree remedies already provided by the legislature. *See Cunningham v. Brown,* 22 Ill. 2d 23, 174 N.E.2d 153 (1961); *Hall v. Gillins,* 13 Ill.2d 26, 147 N.E.2d 352 (1958).[2] Since section 155 provides punitive but not compensatory damage for an insurer's vexatious delay, we concluded that only punitive damages were preempted.

In light of the substantial disagreement amongst the Illinois appellate districts on section 155's preemptive effect, this issue appears ripe for consideration by the Illinois Supreme Court. *Compare Kohlmeier v. Shelter Ins. Co.,* 170 Ill.App.3d 643, 525 N.E.2d 94, 121 Ill.Dec. 288 (5th Dist.) (hold-

---

1. This court granted partial summary judgment in favor of Safeco on January 24, 1986, striking Barr's claim to damages in counts II, III and IV, based on the amount of Safeco's offer. Due to this ruling, only damages arising from Safeco's alleged delay in payment remain at issue.

2. These two decisions concerned whether courts could expand remedies for legislatively created rights that did not exist at common law. The *Cunningham–Hall* doctrine recognizes that when the General Assembly provides both the right and the remedy, it properly may exercise

its authority to limit the amount recoverable by injured persons. This doctrine, however, does not speak directly to the preemption of common law rights and remedies that preexist legislative enactment. *See Seifert v. Standard Paving Co.,* 64 Ill.2d 109, 355 N.E.2d 537 (1976); *Wright v. Central DuPage Hospital Association,* 63 Ill.2d 313, 347 N.E.2d 736 (1976). The Illinois Supreme Court has not yet ruled on the preemptive effect of section 155, and most courts that have discussed the issue fail to distinguish between statutorily created and preexisting rights.

ing no preemption of compensatory damages), *appeal denied,* 122 Ill.2d 576, 530 N.E.2d 247, 125 Ill.Dec. 219 (1988); *Hoffman v. Allstate Insurance Co.,* 85 Ill.App. 3d 631, 407 N.E.2d 156, 40 Ill.Dec. 925 (2d Dist.1980) (same), *with Combs v. Insurance Co.,* 146 Ill.App.3d 957, 497 N.E.2d 503, 100 Ill.Dec. 525 (1st Dist.1986) (holding preemption of the tort of intentional infliction of emotional distress); *Kinney v. St. Paul Mercury Ins. Co.,* 120 Ill.App.3d 294, 458 N.E.2d 79, 75 Ill.Dec. 911 (1st Dist. 1983) (holding preemption of the tort arising from the breach of the implied covenant of good faith and fair dealing); *Tobolt v. Allstate Ins. Co.,* 75 Ill.App.3d 57, 393 N.E.2d 1171, 30 Ill.Dec. 824 (1st Dist.1979) (same); *Debolt v. Mutual of Omaha,* 56 Ill.App.3d 111, 371 N.E.2d 373, 13 Ill.Dec. 656 (3d Dist.1978) (same). *And see McCall v. Health Care Service Corp.,* 117 Ill.App. 3d 107, 452 N.E.2d 893, 72 Ill.Dec. 640 (4th Dist.1983) (holding that the tort exists, but not reaching preemption); *Kaniuk v. Safeco Ins. Co. of Illinois,* 142 Ill.App.3d 1070, 492 N.E.2d 592, 97 Ill.Dec. 156 (1st Dist. 1986) (discussing preemption of punitive damages only, and citing *Hoffman, supra,* with approval).

Most of the federal district courts examining the issue in this district have adopted the view that compensatory damages were not preempted. *See American Dental Ass'n v. Hartford Steam Boiler Inspection and Ins.,* 625 F.Supp. 364, 368–69 N.D.Ill. 1985 (Plunkett, J.); *Scheinfeld v. American Family Mutual Ins. Co.,* 624 F.Supp. 698, 701 (N.D.Ill.1985) (Getzendanner, J.); *Chicago HMO v. Trans–Pacific Life Ins. Co.,* 622 F.Supp. 489, 493 (N.D.Ill. 1985) (Rovner, J.); *UNR Industries, Inc. v. Continental Insurance Co.,* 607 F.Supp. 855, 866–68 (N.D.Ill.1984) (Hart, J.). Other courts in this district adhere to the view that both compensatory and punitive damages are preempted. *See Zakarian v. Prudential Ins. Co. of America,* 626 F.Supp. 420, 422 (N.D.Ill.1984) (Grady, C.J.); *Abbott Laboratories v. Granite State Ins. Co.,* 573 F.Supp. 193 (N.D.Ill.1983) (Shadur, J., applying the law prevailing in the state appellate district in which we sit); *Strader v. Union Hall, Inc.,* 486 F.Supp. 159 (N.D.

Ill.1980) (Aspen, J.). Judge Marshall alone has found neither compensatory nor punitive tort damages preempted. *See, e.g., Roberts v. Western–Southern Life Ins. Co.,* 568 F.Supp. 536 (N.D.Ill.1983); *Kelly v. Stratton,* 552 F.Supp. 641 (N.D.Ill.1983).

In *Kush v. American States Ins. Co.,* 853 F.2d 1380 (7th Cir.1988), our court of appeals rejected a claim for intentional infliction of emotional distress on preemption grounds. There is no theoretically consistent basis to distinguish that tort from the ones presented here for the purposes of preemption; if the Illinois General Assembly intended to preempt compensatory damages arising out of common law torts by enacting section 155, plaintiff's cause of action must fail. Barr argues that the preemption discussion in *Kush* was *dicta* and that this court should follow the trend in Illinois courts and reaffirm our earlier conclusion that compensatory tort damages are not preempted. It is true that the court in *Kush* did not substantively address each of the Illinois appellate opinions now cited, and indeed did not expressly discuss the *Cunningham–Hall* doctrine. The Seventh Circuit finding of preemption, however, was a published decision squarely on point—not *dicta*—even though it was an alternative holding in a case where the court had already concluded that plaintiff lacked standing to bring suit. We are bound to follow Seventh Circuit pronouncements of the law, including this prediction of what the Illinois Supreme Court would rule. Plaintiff must raise its objections to *Kush*'s holding in that court.

The court in *Kush,* however, expressed no view on the preemption of damages under the Illinois Deceptive Trade Practices Act by section 155, and no Illinois court has held that such damages are similarly preempted. Safeco contends that we should reject the claim for damages under the Act because the decision in *Kush* implies preemption of any claim arising from conduct subject to section 155 and because damages under the Act would be unnecessarily duplicative.

We reject both contentions. Although *Kush* cites *Combs, supra,* for the state-

ment "*any* count alleging nothing more than the conduct proscribed by section 155 is pre-empted by the statute," 853 F.2d at 1385 (quoting *Combs*, 146 Ill.App.3d at 964, 497 N.E.2d at 508, 100 Ill.Dec. at 530), this case law clearly concerns the statutory preemption of common law torts, not alternative statutory remedies. In fact, the underlying doctrine employed by the courts we have cited is founded upon the prudential constraint that courts will not, by *judicial decree*, expand upon statutory rights. Safeco's contention that the Illinois General Assembly implicitly intended to preempt claims under the Illinois Deceptive Trade Practices Act, without an express provision to that effect, is without merit.[3]

Nor do we find Barr's claim under the Deceptive Trade Practices Act to be duplicative of its section 155 claim. As we stated earlier, *Barr Co. v. Safeco*, 583 F.Supp. at 257, the alleged misrepresentations amount to "more than mere refusal to pay a claim." Thus, the requisite "something more" than section 155–prohibited conduct is present. Further, the public policy embodied in the Act—the protection of consumers from unfair and deceptive practices—reaches beyond the mere contract dispute between the insurer and the insured and is indeed different than the considerations in section 155.

## CONCLUSION

For the foregoing reasons, Safeco's motion for reconsideration with respect to Barr's common law tort claims is granted, and we therefore dismiss counts II and IV. Safeco's motion is denied with respect to count III.

---

**3.** Although Safeco cites authority from New Jersey finding preemption of the New Jersey Consumer Fraud Act, this court is unwilling to so find without support from Illinois case law.