## Noonan v. McGuire (No. 1)

*Leonard A. Mazer, Emil R. Pecori, Charles E. Kenworthey, Walter T. McGough, Ellsworth Jordan* and *Carl Brandt*, for plaintiffs.

*Rose, Rose & Houston*, for defendant.

ELLENBOGEN, J., April 12, 1955.—This case is before us on a petition of certain "unit holders" of a gas

well known as Tamarac Well Number One, asking court approval of a compromise in settlement arrived at by plaintiffs. The petition sets forth that defendant has, "for the purpose of settlement in compromise only, made certain concessions and reductions . . . resulting in an aggregate savings to said unit holders in said well of $181,531.90".

During a brief hearing before us, it was stated that the proceeds of the sale of gas from Tamarac Well Number One amounted to $1,203,904.75, of which the sum of $214,764.75 was paid out by the Manufacturers Light & Heat Company, leaving a balance for distribution in the hands of Manufacturers Light & Heat Company in the amount of $989,217. The ownership of the gas well was divided into 900 units which at the time of the hearing were owned by 317 unit holders. The compromise contemplated would allot the sum of $501 per unit.

The petition for compromise was filed under rule 2230(b) of the Rules of Civil Procedure. Rule 2230 reads as follows:

"(a) If persons constituting a class are so numerous as to make it impractical to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto.

"(b) An action brought on behalf of a class shall not be dismissed, discontinued, or compromised nor shall a voluntary nonsuit be entered therein without the approval of the court in which the action is pending".

At the hearing we were advised by counsel for plaintiff that 118 unit holders had joined as parties plaintiff in the complaint and that 125 individual unit holders had approved the compromise. Seventy-three unit

holders appeared by their counsel at the hearing and opposed the compromise.

Plaintiffs may, of course, make any compromise they desire and upon doing so, withdraw the action. The petition here goes beyond that. Plaintiffs are asking us not only to approve the compromise insofar as plaintiffs and those who have joined as plaintiffs are concerned (an approval which is not necessary), but beyond that, for an order which would make the compromise binding upon all unit holders, including those who are specifically objecting thereto, and those who have not appeared and not voiced consent or objection.

Ordinarily individuals not parties to a suit are not bound by any judgment or order entered in the suit. Any other rule would violate due process: Hansberry v. Lee, 311 U. S. 32 (1940). However, where there is a true class action, all members of the class whether present in court or not, and whether served by process or not, are bound by the orders of court, including an order of court approving a compromise settlement. Rule 2230 gives our order such effect in a true class action.

The Rules of Civil Procedure do not define the term "class action". Our rule is similar to the Federal rule. The Federal rule distinguishes between "true class action","hybrid class action" and "spurious class action." A true class action is described as one in which the right enforced is "joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it": Fed. R. C. P. 23(a)(1), 4 Anderson Pa. Civ. Pract. 346. True class actions include a taxpayers' action (Gericke v. Philadelphia, 353 Pa. 60), a suit by the beneficiaries of a trust against a trustee (Boesenberg v. Chicago Title & Trust Co., 128 F. 2d 245 (C. C. A. 7th, 1942)), or by beneficiaries to preserve the trust fund (Redmond v. Com-

merce Trust Co., 144 F. 2d 140 (C. C. A. 8th, 1944)), and a secondary or derivative stockholder's suit: Hirshhorn v. Mine Safety Appliances, 54 F. Supp. 588 (D. C. W. D. Pa., 1944).

The outstanding characteristic of a class action is that the right or liability asserted is *joint* or *common* to all members of the plaintiff or defendant class and not merely several.

The Federal rules define a "hybrid class action" as one in which the right asserted is "several, and the object of the action is the adjudication of claims which do not or may not affect specific property involved in the action": Fed. R. C. P. 23 (*a*) (2) ; 4 Anderson, Pa. Civ. Pract. 347.

Federal R. C. P. 23 (*a*) (3), 4 Anderson Pa. Civ. Pract. 347, defines "spurious class action" as one in which the rights involved are "several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

It is clear that the case involved here is not a true class action but a spurious class action. Therefore, we have no power to approve a compromise which would be binding upon the parties who are objecting thereto or who have not appeared and approved thereof.

For the reasons stated, the petition of certain unit holders asking us to approve a compromise settlement must be refused.

We wish to state specifically that in doing so, we are not passing upon the merits or demerits of the offer of compromise. No evidence was heard regarding the same and therefore we have no opinion on that point.

*Order*

And now, to wit, this April 12, 1955, the petition for leave to compromise and settle the within cause is dismissed.